## WALTON vs. MINTURN.

A defendant should set forth the true nature of his defense in his answer, and in case he does not, should not be permitted to insist upon it.

The report of a referee upon the facts of a case will be considered the same as the verdict of a jury.

THE action was brought by the plaintiff to recover compensation for attending a sale of property on behalf of the defendant. The cause was referred to a sole referee who reported in favor of the plaintiff. The defense insisted upon at the hearing before the referee was not set forth in the answer of the defendant, and, though received in evidence by the referee, appears not to have been considered by him, for that reason. The rest of the facts are stated in the opinion of the court.

——————————, for plaintiff.

*Allen T. Wilson*, for defendant.

*By the Court*, LYONS, J. It is in evidence that Walton was employed by defendant to attend a government sale at Benicia, and there purchase for the latter certain merchandise, for which service he, defendant, was to pay plaintiff commissions at the rate of ten per cent. on the price.

The proposed purchases were made, and amounted to three thousand one hundred and ninety-two dollars and seventy-five cents.

Walton without consulting with defendant sold the same at an advance of eight hundred dollars, which profit was received and enjoyed by the latter, who refuses to pay the stipulated commissions, on the ground that the sale by plaintiff was unauthorised by him,—that the goods were sold at a price of about one thousand dollars less than their true value. These latter facts are shown by the evidence, but nowhere appear in the pleadings.

If the defendant is entitled at all to avail himself of this ground to defeat plaintiff's demand, he should have specially pleaded it, which has not been done. How the tortious act of the one party to a contract, after the performance of his covenant in the same, can relieve the other party from the obligation also to perform his covenants is not very clear. In the case at bar, if the agent transcended his authority in disposing of the goods bought at the instance of and for his principal, yet that principal ratified and approved the act of his agent by subsequently receiving the profits of the transaction.

The referee, before whom this cause was tried, having found the facts, his report stands as a verdict of jury.

Judgment affirmed.