JUDGE STITES
delivered the opinion of the court:
The Bank of Kentucky sued Alexander & Co., as principals, and Lewis and Shanks as sureties, on a note for $400.
Process was served upon Lewis and William and Gabriel Alexander, two of the members of the firm of Alexander & Co., and returned to the first term. Judgment by default was entered against Lewis; but the Alexanders answered, and denied the liability of the firm upon the note, because of the want of authority of J. C. Alexander, who made the note, to use the name of the firm for that purpose. The case was then continued as to Shanks, who had not been served, and also as to the Alexanders, who had answered. At a subsequent term of the court, J. C. Alexander answered, conceding the liability of the firm, and insisting upon his right, as a member of the firm, to use its name in making the note. After this, process having being served on Shanks, the co-surety, judgment was entered against him and J. C. Alexander, and a trial had upon the issue tendered by the answer of Gabriel and William Alexander, which resulted in a verdict and judgment for the bank.
Gabriel and William Alexander then moved for a new trial, upon the ground, 1st, that the debt sued for had been satisfied by Lewis before the rendition of the judgment; and 2d, because their counsel was not present at the trial.
In support of this motion they presented the affidavit of the deputy sheriff who had collected the money from Lewis, and who proved the satisfaction of the judgment against Lewis before judgment was rendered against the Alexanders; and also the affidavit of their counsel, who proved that he had no knowledge of such collection until after judgment against them. It was conceded that the trial was had about an hour before the usual time for the adjournment of the court, and that appellants’ counsel was not present.
The motion for a new trial was overruled and the order excepted to, and an appeal prayed.
*409 Afterwards, on the same day, Lewis moved the court for an assignment of the judgment against the Alexanders to him, upon the ground that he was their surety and had satisfied the judgment. The bank, by its attorney, acknowledged satisfaction had been made by Lewis, and raised no objection to the order asked for. But the Alexanders resisted the motion. The court, however, upon proof that Lewis was surety, and had paid the debt, made the order vesting him with the right to, and control over, the judgment, to which the Alexanders likewise excepted, and from which they have appealed.
It is objected to these orders: 1st, that the court erred in refusing a new trial; and 2d, that Lewis was not entitled to the transfer of the judgment.
A new trial was properly refused. No sufficient reason was assigned for the absence of appellants or their counsel at the calling of the cause and the trial which was had. Nor does it appear that appellants themselves were ignorant of the payment by Lewis to the bank before the trial. For, conceding that such payment would have enured to their benefit, and defeated the obtention of a judgment, it was their duty, on the motion for a new trial, to show that they had no knowledge of such payment before the former trial, nor could have learned the fact by the use of reasonable diligence. That their counsel was not apprised of the fact cannot avail them. It was not his duty to know it or to make inquiries concerning it.
It seems to us, also, that no error was committed in ordering the transfer.
By the Revised Statutes (chap. 97, sec. 8, p. 656) it is provided, that “ where the surety pays the whole or part of a judgment or decree, he shall have a right to an assignment thereof from the plaintiff or the plaintiff’s attorney, in whole or in part, and such assignment shall give him the right to sue out or use any existing execution, or otherwise control the judgment or decree for his own benefit against the other defendants, after satisfaction in full to the plaintiff therein, so far as to obtain satisfaction from the principal for the whole amount so paid by the surety with interest, or from any co-surety, his proper part of *410 such payment, according to the principles of the last section, &c.”
Here the bank, by her attorney, was present in court, and not only acknowledged satisfaction of the judgment by Lewis, but also in effect assented to the transfer which was made. It was not controverted that Lewis was surety; that appeared from the note itself; and we are unable to perceive any substantial reason for denying him the right to which he, as surety, is entitled under the section of the Revised Statutes, supra.
That section has not, in our opinion, been repealed by the Code, nor is it in conflict with any of its provisions. It confers a right upon the surety, which is not affected by the sections of the Code referring to the mode of proceeding by motion by sureties against their principals and co-sureties. Sections 479 to 484, inclusive, of the Code, do not affect this right, but merely prescribe how and in what manner motions must be conducted. And as the section of the Revised Statutes, supra, is not within the purview of the provisions of the Code of Practice, it is exempt from the operation of section 748, the general repealing clause.
No error prejudicial to appellants is perceived in the record, and the judgment is affirmed.