ERASTUS HALLACK, Plaintiff in Error, *v.* STEPHEN MARCH *et al.*, Defendants in Error.

### ERROR TO KANE.

One partner can bind the firm by a parol submission to arbitration, about matters where the submission need not be under seal.

The presence of a partner, at the time an agreement to submit partnership matters to arbitration is made, and his presence at the arbitration and giving evidence there, without objection by him at any time, will be evidence that he assented to the submission.

THIS was an action of assumpsit on a note, in the Circuit Court of Kane county.

The note is as follows:

*St. Charles, Nov. 19th,* 1856.

By the first day of April, 1858, I promise to pay to Erastus Hallack, and not to any other person, except his heirs and executors, the sum of Four Hundred and Fifty-five Dollars and 23-100, for value received.

STEPHEN MARCH,
BOWMAN & LLOYD, (Surety).

Indorsed on back:

Interest to commence April 1st, 1857, at ten per cent., as per agreement.

$327.00. Paid on the within Note Three Hundred and Twenty-seven Dollars. April 1st, 1858.                               E. F. HALLACK.

To which a plea of arbitration was filed; which, after the usual entitling of suit, is in substance as follows:

And the said defendants come and defend, etc., and say that the said plaintiff ought not further to have or maintain his aforesaid action, because they say that after the making of the said several promises and undertakings, in the said declaration mentioned, and before the commencement of this suit, to wit, on, etc., at, etc., the said plaintiff and the said defendants submitted themselves to the arbitrament of Eli Barber and J. S. Van Patten, mutually chosen in the following manner: The said plaintiff selected Eli Barber, and the said defendants selected J. S. Van Patten, to whom it was mutually agreed by the respective parties, that they should submit all those matters of

difference in said declaration complained of, and that after they had heard all the evidence, and allegations of the parties, if they could not agree upon an award in the premises, then the said arbitrators, so chosen as aforesaid, should choose a third man to aid them in the premises. And the said defendants aver, that the said arbitrators, so chosen as aforesaid, being unable to agree, did then and there select, as by the submission they had a right to do, as the third arbitrator, S. W. Durant. And the said defendants aver, that the said parties did then and there engage in all things to stand to and abide by, perform and keep the award and determination of said arbitrators, concerning all controversies, actions, and causes of actions, in said declaration mentioned.

And the defendants further say, that the said arbitrators duly examined and considered the matters in dispute between the said parties, and made an award under their hands, concerning the promises and undertakings in said declaration mentioned, and ready to be delivered, by which the said arbitrators did award that the said defendants were indebted to the said plaintiff in the sum of seventy cents; reference being hereby had to said award; and this the defendants are ready to verify, etc.

The plaintiff filed a replication to the plea, in substance as follows:

As to the said plea of the said defendants, by them first above pleaded, he says that the said plaintiff and the said defendants did not, after the making of the said 'several promises and undertakings in said declaration mentioned, and before the commencement of this suit, submit themselves to the arbitrament of Eli Barber and J. S. Van Patten in manner and form as the said defendants have above in their said plea in that behalf alleged.

Plaintiff offered and read in evidence the foregoing note, a copy of which was appended to the declaration.

Francis H. Bowman and John Lloyd, who signed the note as sureties, were co-partners. They objected, on the ground that Bowman could not bind his partner by any submission to arbitration which he had made. The evidence showed an oral agreement between Hallack and March, made in the presence of Bowman, to abide by the decision of the arbitrators; also, that Bowman was before the arbitrators and testified in relation to the matters of dispute referred. It did not appear that Bowman objected at any time to the agreement to arbitrate, or to 'the action of the arbitrators. It did not appear that Lloyd took any action or part in the transaction.

4

The cause was tried before I. G. WILSON, Judge, and a jury.

J. L. BEVERIDGE, for Plaintiff in Error.

W. D. BARRY, for Defendants in Error.

WALKER, J. This record presents the simple question, whether one co-partner can submit matters in dispute between the firm and others to arbitration, so as to bind the co-partners. This question is presented for determination for the first time in this court. And in the conflicting state of the authorities, we feel at liberty to adopt that note, which we consider as conforming to reason and the analogies of the law. It is a rule of universal application that one partner cannot bind his co-partner by deed, where the act would be invalid if it were not by such an instrument, unless he has special power conferred for that purpose, by the co-partnership articles, or in some other mode. This being the case, one partner has no power to bind the firm by a sealed submission. And in this the authorities fully concur.

This submission was by parol, and of a matter that might be submitted in that manner, if the partner entering into it had competent legal authority for the purpose. The proposition is certainly true that one partner can bind the firm to strangers, by a parol agreement, in all matters pertaining to the partnership concerns. This is the doctrine of all the books, announced as a general rule. But some of the elementary writers have made the submission to arbitration a solitary exception, and place the doctrine on the case of *Strangford* v. *Green*, 2 Mod. 228. This case occurred at an age when the law merchant had not obtained, to the extent to which it has since progressed, in the courts of Great Britain, or of this country. That case was likewise where the submission was by bond. And we have been referred to no adjudged case in which it has been held that one partner might not bind the firm by parol submission. This case seems to be the basis of the doctrine of all the text writers who have laid down the rule that the firm is not bound by such a submission.

In the case of *Taylor* v. *Coryell*, 12 Serg. & Rawle, 243, Duncan, J., delivering the opinion, ably and conclusively maintains the doctrine that one partner may submit to arbitration. He says:

" It is clear that from the very nature and objects of partnerships, power must be inferred to transact partnership business by each member of the firm. And in partnership transactions,

the law implies the authority. The act of one partner is the act of both. There is a virtual authority to that purpose mutually given by entering into partnership, and in all things relating to their usual dealings, each must be considered as the attorney of the other. In all other things than those transacted by sealed instruments, the whole firm is treated as one person, and the act of one is considered the act of all. We can perceive no reason or justice why one partner may not exercise this authority in this instance as well as in others. To deny it would certainly be a great impediment to commercial dealing. By this mode commercial disputes may be settled, and speedily settled, which is of great importance, in the commercial world. How many partnerships are there where all the business is transacted by one of the members of the firm, while the others give no attention to the business, and perhaps reside abroad. To deny this power would be to deny all of the analogies of the law merchant. We cannot but be surprised that so little is found in the books on this question, when we know that such submissions are made not only to arbitrators, but to boards of trade in all our larger commercial cities, which is a standing board, selected to settle all disputes that arise among commercial men, so far as referred to them for decision. This seems to show almost conclusively that, whatever writers may have said on the subject, commercial usage is the other way, and is as firmly fixed as any other such usage."

The Court of Appeals in Kentucky, in the case of *Southerland* v. *Steel*, 3 Mon. 435, announced the same rule. And it seems to us that usage in the commercial world has been uniform in the support of such authority, and we have no doubt of its correctness. No reason is perceived why a firm may not, by one of its members, without the concurrence or united action of the others, submit a legal question to the determination of attorneys, or to submit other questions to persons skilled in the same business. In such disputes, can it be that in the absence of a partner there is no means of settling them but by litigation, or abandoning the claim? To hold that a partner has no power to submit such matters by parol to arbitration, is to so hold, that without any apparent reason, he is unable to settle a disputed claim except by suit.

We can perceive no error in refusing the instruction asked by the plaintiff below. By it the court was asked to say to the jury, that the fact of Bowman's presence as a witness, at the time the agreement was made by plaintiff and March to submit the matters to arbitration, is not evidence *of itself* that Bowman assented to the terms of the submission. There can, we presume, be no doubt that his presence, he being a partner of

Hallack, and making no objection to the terms of the submission of the partnership affairs to arbitration, was evidence, and satisfactory evidence, that he did assent. The evidence fails to show that he objected or protested against any step that was taken by his partner at the arbitration.

The judgment of the court below is affirmed.

*Judgment affirmed.*