### Francis McHugh v. Barton Peck.

The statute authorizing persons to submit any dispute, controversy, or right of action to arbitration, makes no provision in regard to the pleadings. (Paschal's Dig., Arts. 60 to 68.)

The oath of the arbitrators is, that they will fairly and impartially decide the matter in dispute according to the evidence adduced, and in accordance with the rules of law and equity applicable to the facts found. (Paschal's Dig., Art. 64, Note 247.) We are not aware that it has been held, under the laws of this State, that pleadings are required in a controversy before arbitrators.

If objection might have been made before the abitrators that the defendant, before submitting his evidence, should file an answer or statement of the facts he would attempt to establish in evidence, it certainly cannot be assumed that the arbitrators would not have sustained the objection of the appellant to proceeding in the matter until the defendant had filed an answer, if the objection were well taken.

If the appellant were suprised by any matter of evidence introduced by the appellee before the arbitrators, and he was not prepared to meet the claim presented by the appellee, but believed he could do so by having time, he should have applied to have the decision of the arbitrators postponed till he could procure testimony to rebut the claim improperly set up by the defendant.

If, on a proper application by the appellant for time to procure and submit to the arbitrators testimony, his application had been denied, and he should state such facts as to show that injustice had been done by denying his request, such facts might present a case authorizing the court to reject the report.

In arbitrations a referee is at liberty to try the cause on the merits, and is not bound to try the particular issue joined in court.

If the question were properly decided against the appellant, and on a re-hearing the same reports ought to be made by the arbitrators, the cause cannot be reversed, although it might have been proper that the counsel for the appellant should have been heard before the arbitrators.

There is no provision in the law that the clerk shall appoint the time for the umpire to enter upon the discharge of the duties incumbent on him under the appointment.

It is, however, not essential to the validity of the report that it shall contain a copy of the proceedings.

If the appellant believed that injustice was done him, he should have made the objection before the court, and objected to the report going in evidence, for the reason that he did not have notice, or any ground of objection he might have to the report.

If the record does not show affirmatively that the parties had notice of the time and place of the meeting of the arbitrators, no exception being taken in the court below, the appellate court will presume notice was given.

An umpire is not bound to examine witnesses unless requested so to do.

A referee's report on the facts of the case stands as the verdict of a jury.

A valid award has the force of an adjudication, and sufficiently concludes the parties from litigating the same matters.

Error from Goliad.  The case was tried before Hon. M. P. Norton, one of the district judges.

Francis McHugh sued Barton Peck on a contract for building a house, &c., according to specifications, for which he claimed $12,125 31.  After service, and before answer, the parties agreed that all matters growing out of the contract should be submitted to arbitration, "according to an act dated 25th April, 1846." (Paschal's Dig., Arts. 60 to 68.)

The parties declined to reserve any right of appeal. Mc-Hugh chose Charles G. Ward, and Peck chose Joseph H. Barnard. There was no agreement about choosing an umpire, but the agreement was to be filed with "its legitimate consequences." The clerk appointed the day to commence the investigation, and gave due notice to the parties. The arbitrators found a balance due the plaintiff of $1,018 77, but in this they excluded a note of $1,000 for borrowed money, which, according to the agreement for extra work, was to go in payment of such extra work.

The plaintiff moved to set aside the award upon the following grounds, which motion was sworn to: "And now comes the plaintiff in this case by his counsel, and moves the court to set aside and vacate the award in the above-entitled cause, and now on file in said cause, upon the following grounds, to wit: First, in the said case the defendant, Peck, filed no answer, and submitted none to the arbitrators, so that the plaintiff had no notice of the off-sets and claims of defendant, which were acted on and allowed by the arbitrators, which fact of no answer being filed appears from the record; second, the arbitrators, in the first place, decided that they would hear and determine the matters submitted to them without argument of counsel, and so the counsel of the parties, and the parties, were deprived of their right of argument, as usual in the conduct of suits; third, the arbitrators did not pursue the submission, though the submission includes 'all contracts and accounts between said parties.' The award distinctly excludes the 'note of McHugh to Peck for $1,000, secured by mortgage;' fourth, the award is illegal in this, that it is decided that the costs be divided between the parties, or that each party pay one-half."

The bill of exceptions shows that it was proved, that the counsel appeared before the arbitrators and examined witnesses, and at first acquiesced in the determination not to hear argument; but towards the close the counsel were

permitted to file some hurried arguments. The motion to set aside the report was overruled. The matter about the $1,000 note was re-referred, with instructions to consider it, with mutual accounts for interest, and to hear proofs on these points, and to state the just balance, with the further direction to hear argument.

The clerk gave notice of this re-reference, naming a day to proceed. The arbitrators affirmed their former award in every respect, except as to the note of $1,000; about that they disagreed, and chose W. W. Dunlap as umpire. The clerk gave notice of this appointment.

The umpire reported that he gave notice to the parties and their counsel, that the plaintiff did not appear in person or by attorney, and he allowed the note and interest, struck the balance, and awarded to Peck, the defendant, $154 89.

The plaintiff objected to this, because the clerk did not appoint a time and place "for the arbitrators to meet," and because the award is irregular and unjust. The court overruled the objection, and entered a decree in accordance with the award.

The plaintiff prosecuted error, and assigned for error, that the arbitration was illegally and arbitrarily conducted: the overruling the objections to the award, in recommitting the award, the overruling the objections to the decision of the umpire, and in rendering judgment on the award.

*F. Faunt le Roy,* for plaintiff in error.

*Pryor Lea,* for defendant in error.

Donley, J.—It is assigned for error, that the arbitration was illegal and arbitrarily conducted; that the award was irregular and unjust; and that the court erred in not sustaining the motion of plaintiff to set aside the award.

The first objection to the award, filed in the court be-

low, was, that the defendant filed no answer, and submitted none to the arbitrators, so that the plaintiff had no notice of the off-sets and claims of defendant, which were acted upon and allowed by the arbitrators. The statute authorizing persons to submit any dispute, controversy, or right of action to arbitration, makes no provision in regard to the pleadings. The oath of the arbitrators is, that they will fairly and impartially decide the matter in dispute, according to the evidence adduced, and in accordance with the rules of law and equity applicable to the facts proved. (O. & W. Dig., Art. 11;) [Paschal's Dig., Art. 64, Note 247.]

We are not aware that it has been held, under the laws of this State, that pleadings are required in a controversy before arbitrators.

It does not appear, from the record in this case, that the plaintiff made any objection before the arbitrator that the defendant had not filed an answer in the cause; he does not aver that he was surprised by any matter introduced before the arbitrators; does not aver that any injustice had been done him in the trial before the arbitrators.

If objection might have been made before the arbitrators, that the defendant, before submitting his evidence, should file an answer or statement of the facts he would attempt to establish in evidence before the arbitrators, it certainly cannot be assumed that the arbitrators would not have sustained the objection of the appellant to proceeding in the matter, until the defendant had filed an answer, if the objection was well taken. It is not here intended to decide whether such objection, if made, should have been sustained, if it had been made in proper time.

It cannot be permitted that a party on a trial before arbitrators shall decline to raise any objection to the manner of conducting the trial before the arbitrators, in the hope of obtaining from them a report favorable to himself, and, failing in this, that, on his objection, the report shall be rejected, not because injustice has been done, but for

xxix—10.

the want of pleadings on the part of the appellee. The appellant had "no notice of the offsets and claims of defendant which were acted on and allowed by the arbitrators."

In his objection, the appellant does not state that any part of the claim of appellee, which was allowed by the arbitrators, might have been rejected, if the appellant had been advised by proper pleading that the appellee would attempt to establish such claim. On the trial before the arbitrators he does not state that any part of the credits and offsets allowed the appellee were not just, and should have been rejected.

If the appellant was surprised by any matter of evidence introduced by the appellee before the arbitrators, and he was not prepared to meet the claim presented by the appellee, but believed he could do so by having time, he should have applied to have the decision of the arbitrators postponed till he could procure testimony to rebut the claim improperly set up by the defendant. If, on a proper application by the appellant for time to procure and submit to the arbitrators testimony, his application had been denied, and he should state such facts as to show that injustice had been done by denying his request, such facts might present a case authorizing the court to reject the report.

There is, however, in this case no allegation of surprise by the testimony of the appellee being heard by the arbitrators without pleadings having been filed by appellee.

It is said in Hicks v. Cotrell, 25 Vt., 80, that "A referee is at liberty to try the cause on the merits, and is not bound to try the particular issue joined in court."

It is objected, that the arbitrators would not hear argument. The question proposed to be argued is not stated, nor does it appear how such question was decided by the arbitrators. If in favor of the appellant, he could have no cause of complaint that all he could have asked in argument by his counsel was granted him without argu-

ment.   If the question was properly decided against the appellant, and upon a re-hearing the same report ought to be made by the arbitrators, the cause cannot be reversed, although it might have been proper that the counsel for the appellant should have been heard before the arbitrators.

The fourth exception is, that the award is illegal, in that it decides that the costs shall be divided between the parties.   It is not believed that appellant has any just cause of complaint at this ruling, as the award shows that he was indebted to appellee in a claim which the appellee might have set up in offset, and, succeeding upon it, full costs should have been allowed him.   This presents a matter of which the appellant has no legal ground of complaint. The third question of exception is, that the report of the arbitrators excludes the note of appellant to appellee for $1,000.   It is not believed that this exclusion could injuriously have affected the appellant.   Yet, on the objection, this part of the report of the arbitrators was set aside, and referred to the same arbitrators.   The report of the arbitrators on the second reference is assigned for error, that the second arbitration and award of the umpire were illegal and unjust.

On the report of the umpire being filed in the cause, the appellant objected, because the clerk did not appoint a time for the arbitrators to meet, as required by the statute. [Paschal's Dig., Art. 62, Note 246.]   And it is assigned for error, that the court did not sustain these objections to the report of the arbitrators and umpire.

The first objection is not well founded in fact.   On the matter being re-referred, the time for the arbitrators to meet was fixed by the clerk; they met at that time, and, being unable to agree, selected an umpire.   The record does not show certainly that the clerk appointed a time for the umpire to enter upon the discharge of the duties incumbent on him under the appointment.   And, as he may act alone, there does not appear to be any necessity for the

clerk to designate the time the umpire shall hear and determine the matter to be submitted to him.

There is no provision in the law that the clerk shall appoint the time for the umpire to enter upon the discharge of the duties incumbent on him under the appointment.

If witnesses are to be examined, if testimony is to be received which had not been previously submitted to the arbitrators, the parties should have notice of the time and place the umpire would act under his appointment. The umpire should see that all parties interested had notice, so that they might appear before him. It is, however, not essential to the validity of the report that it shall contain a copy of the proceedings. If the appellant in fact did not have notice of the time and place the umpire would hear evidence, for the purpose of making up his report; if anything proper to have been done by the arbitrators or umpire was not in fact done; and if the appellant believed that injustice was done him, he should have made the objection before the court, and objected to the report going in evidence, for the reasons that he did not have notice, or any ground of objection he might have to the report.

In this case the record shows, that the attorneys of the appellant were before the court, objecting to the report, not for the reason that he did not have notice. The report recites the fact that due notice was given to both parties, as the facts are presented in the record. It is believed that the report of the arbitrators and umpire should not be rejected for want of notice.

It is said in Hooper v. Bronson, 2 Tex., 185, that, if the record does not show affirmatively that the parties had notice of the time and place of the meeting of the arbitrators, no exception being taken in the court below, the appellate court will presume notice was given. In this case it does not, however, appear clearly to us that notice was required for the parties to meet before the umpire. If

there were sufficient facts in the record upon which the umpire might act with certainty in deciding the questions before him, no reason is perceived why he might not make his decision on the facts which had been ascertained by the arbitrators.   And it is said, in Graham v. Graham, 11 Barr, 254, "That an umpire is not bound to examine witnesses unless requested so to do." (Sharp v. Lapsley, 2 Bail., 113.)

The report of the arbitrators and umpire show, with reasonable certainty, that the arbitrators did not disagree as to any matter of fact, but that they differed as to whether the debt owing by appellant to appellee should have been allowed in set-off.   It is not questioned that this debt was just and owing by appellant to appellee.  Appellant objected to the first report of the arbitrators, because this note was not included in the report of the arbitrators as disclosed by the record.  It appears to us that it was properly adjusted by the umpire.  The record does not furnish any evidence from which it appears that any injustice has been done the appellant by the arbitrators and umpire.  And it is not questioned that if the reports of the arbitrators and umpire are correct, the judgment upon that finding was properly rendered for the plaintiff.   The agreement to arbitrate provides, that the agreement shall be filed in the court in which the cause is pending, for the purpose of the arbitration, with its legitimate consequences.

The parties were both present when the defendant moved the court for judgment.   On the award, it was not objected to for the reason that it was not authorized by the terms of the agreement to arbitrate.  This aquiescence is evidence that the parties understood the legitimate consequence of the agreement to be, that judgment should be rendered by the court, on the award that should be made in the case.  It is said in Walton v. Menteen, 1 Cal., 362, that a referee's report on the facts of the case stands as the verdict of the jury.

A valid award has the force of an adjudication, and sufficiently concludes the parties from litigating the same matters. (Rogers v. Holden, 13 Ill., 293.)

It will be presumed, after judgment on the award, that it was by consent of parties. (Edrington v. League, 1 Tex., 64.) There is no error in the judgment, and it is

AFFIRMED.