## R. KING & CO. v. EDWARD N. GREY.

Where a case had been referred to arbitration, and the arbitrators reported their award, which the court refused to enter; but, in the petition of the defendant recited that, because of gross mistakes, both of fact and law, the award was set aside and the matter ordered to proceed *de novo*, it was such a final judgment as gave jurisdiction by appeal to this court.

The 6th section of the statute providing for arbitration reads as follows: "If the arbitrators chosen as aforesaid cannot agree, the arbitrators shall select an umpire, and in case they disagree in the choice of an umpire, the justice or clerk may appoint an umpire, who shall be competent to serve as an arbitrator, and who shall in like manner be sworn." (Paschal's Dig., Art. 65, Note 248.) The umpire, whether selected by the parties or the clerk, is authorized to act as an arbitrator.

Where, after a long session of the arbitrators, one of them withdrew from further attendance and the others made the award, it is a fair presumption that the withdrawal was because of disagreement, and the award was sustained.

Where the parties did not reserve the right of appeal in the submission, and the court refused to enter the award, this court examined the facts, and finding that the award was sustained by the evidence, reversed the judgment and rendered judgment upon the award.

APPEAL from Nueces. The case was tried before Hon. BENJAMIN F. NEAL, one of the district judges.

This case was commenced in the district court of Nueces county, by arbitration, under the statute. The right of appeal was not reserved. The agreement to arbitrate was filed October 20, 1866, and arbitration commenced on 5th December, 1866. The arbitrators disagreeing at the outset, and failing to agree upon an umpire, one was selected by the clerk, and he appeared and was sworn. The arbitrators and umpire adjourned from day to day till the 13th of December, when both parties announced themselves ready for trial, and the examination of evidence for appellants (plaintiffs) went on, from day to day, till December 31, 1866, when the plaintiffs closed their testimony. Defendant (appellee) then filed an affidavit of want of testimony, and asked an adjournment to the 3d Monday in

March, 1867.    This application was refused, and the board adjourned from day to day till the 3d of January, 1867, waiting for evidence from defendant.    On the 3d of January defendant filed another application for continuance. This application was granted, and under it the board adjourned from day to day until the 5th of February.  On this day plaintiffs were present, but defendant and his counsel and one arbitrator (Shaeffer) absented themselves.    The other arbitrator and umpire proceeded to take the testimony of James Bryden for plaintiffs.    The board then adjourned till the next day, when defendant appeared by counsel, and at his motion the board adjourned over till next day, (7th February,) when defendant filed another application for continuance, based on affidavit.    This was overruled, and defendant's counsel filed a protest against the sitting of the umpire, on account of interest.    This was also overruled, and defendant's counsel moved to strike out the evidence of certain witnesses for plaintiffs, pending which motion the board adjourned to the next day.    On the 8th, the motion of defendant to strike out was sustained in part, and after some unimportant proceedings the board adjourned.    On the 9th, the defendant's counsel withdrew from the case; Arbitrator Shaeffer also withdrew, and no evidence being offered by defendant, the other arbitrator, Perham, and the umpire proceeded to make up their award, which was filed with the clerk on the 13th of February.

At the spring term (April, 1867) of the district court of Nueces county plaintiffs moved to make the award a judgment.    Defendant filed a petition, praying that the award be set aside and declared null.    This petition of defendant was granted at the same term, and the cause ordered to be tried, *de novo*, in that court, and continued to the next term. Previous to this order the plaintiffs filed a *remittitur* of the interest awarded by the board, and also a *remittitur* of the mode of executing the award.    Plaintiffs filed a motion

for a new trial, and this being overruled, gave notice of appeal.

*E. J. Davis and Stephen Powers,* for appellants.—Appellants urge that the district judge was not warranted by the evidence offered by the defendant in setting aside the award. To set aside an award there must be something more than the party's own affidavit. (Shulte v. Hoffman, 18 Tex., 678.) It is well settled that every presumption is in favor of an award, and that the courts will support it, unless contradicted by proof. (Green v. Franklin, 1 Tex., 500; Forshey v. Railroad Company, 16 Tex., 516.) The allegations of defendant in his petition to set aside are contradicted by the record.

*Sherwood & Flournoy* for appellee.—I. There were two arbitrators chosen by the parties, and before going into the examination of the subject-matter of arbitration the arbitrators desired an umpire, and, failing to agree upon the umpire, the clerk of the district court appointed an umpire.

The umpire, as disclosed by the record, assumed at once, and throughout the whole arbitration, jurisdiction in managing, directing, controlling, and deciding all points and issues which came before the arbitration, to the same extent as if he was one of the originally chosen arbitrators, which is contrary to and in violation of the statute, he having only jurisdiction over issues or questions wherein the arbitrators disagree. (Paschal's Dig., tit. ARBITRATION; Caldwell on Arbitration, 106, 203, note 1; Rigden v. Morton, 6 Harris & Johns., 403; Little v. Newton, 2 Manning & Granger, 351; Kingston v. Kincade, 1 Wash. C. C., 448.)

The supreme court of New Jersey lays down this principle of law in the case of Moore v. Ewing, Cox, 144, viz: "Whenever a power or jurisdiction is granted to two or more it must be jointly executed, and not separately, and this doctrine is applicable to all judicial acts," and

which principle is supported and fully sustained by 2 Salkeld, 478, 483; King v. Wikes, Andrews, 231; Billings v. Prin & Delabere, 2 Black., 380; Caldwell, 206; King v. Forest, 3 Term, 40.

By reference to the transcript it appears that one of the arbitrators was absent during the examination of several witnesses, which vitiates the award. (Chaplin v. Kerrein, 1 Dall., 187.) Referees have no right to examine witnesses *ex parte.* (Howard v. Cowel's Administratrix, 2 Vt., 492,) which declares that "all referees must be present and hear the matters submitted."

II. The attention of the court is also called to the fact that the umpire was disqualified, and an improper person to act as umpire, by reason of such umpire then being a security on a sequestration for the plaintiff, in conflict with the interests of appellee, and such umpire being objected to by appellee as soon as the fact came to his knowledge, and this objection of appellee overruled by such umpire.

III. The next point urged as being good ground for the court below to set aside the award is, that sufficient time was not allowed by the arbitrators to appellee to obtain his witnesses, and continuance refused, whereby appellee was deprived of material evidence, the materiality of which evidence being developed in the course of the trial or arbitration and operating as a surprise to the appellee.

The spirit of arbitration and the rule of decisions, says the court in Terence v. Amsden, 3 McLain, 309: "Arbitrators clearly possess power to adjourn the hearing from time to time, in order to give parties every reasonable facility to fully investigate the merits of the controversy. If, from any cause not attributable to negligence, either party is prevented at the time of hearing from producing material testimony, or, if surprised from testimony of opponent, it presents a just and reasonable case for the exercise of that power." (Cald. on Award, 211, note; Sharp v. Beckerdike, 3 Dow., 102.) Lord Eldon says: "By the great prin-

ciple—eternal · justice—it was impossible that an award could stand where arbitrators heard one party and refused to hear the other." (Forbs v. Fravy, 2 Johns., 224.) Arbitrators ought to give parties a reasonable time to procure witnesses, and, if they unreasonably refuse to adjourn the proceedings for that purpose, their award will be set aside. (1 Tex., 488–501.) The statute authorizes the court below, on setting aside the award, to continue the cause for trial.

MORRILL, C. J.—We are called upon in the first place to decide whether there is such a final judgment as gives this court jurisdiction.

The judgment is as follows: "R. King & Co. v. E. N. Grey. This case coming on to be heard on petition of defendants to set aside the award, and the cause being heard, and the evidence being presented on said petition as well for the plaintiffs as defendant, and argument of counsel, and it appearing to the satisfaction of the court that the arbitrators in this cause were guilty of gross mistakes, both of law and fact, apparent on the face of their award, it is therefore ordered by the court that said award be set aside, and that the case be proceeded with *de novo* before this court; and it is further ordered that an auditor be appointed to report upon the matters in controversy between said parties at the next term of this court, and this cause be continued. From the fact that the parties to the arbitration did not reserve the right of appeal in the agreement for arbitration there could be no appeal from the award, and the proceedings of the arbitrators were final in their nature, and the duty of the judge was to enter up a judgment on the same, or, if it should be apparent that such causes exist as would not authorize a court to enter such a judgment, then to declare the proceedings null and of no effect, either in whole or in part, and re-commit for further award.

The district judge refused to enter a judgment on the

award, but adjudged that it be set aside; and this was a final judgment of the case, and from this final judgment an appeal lies to this court.

We now come to the main question in the case: Did the court err in refusing to enter a judgment on the award? As the judge did not specify what the "gross mistakes, both of law and fact, apparent on the face of the award," were, we will examine the causes, as specified in the brief of counsel. And, first, that the umpire assumed at once and acted as an arbitrator, which is alleged to be contrary to the statute. (Paschal's Dig., Art. 65.) This article provides, "That if the arbitrators chosen as aforesaid cannot agree, the arbitrators shall select an umpire, and in case they disagree in the choice of an umpire, the justice or clerk may appoint an umpire, who shall be competent to serve as an arbitrator, and who shall in like manner be sworn."

This article expressly declares that this third person, called an umpire, whether selected by the other arbitrators or the clerk, after being sworn, shall be competent to serve as an arbitrator. Of course his powers as arbitrator are neither greater nor less than those of the other arbitrators; and from the fact that the original arbitrators could not agree, it is evident that it was contemplated by the statute that the award would not be unanimous when a third party should be so selected, and hence the proceedings by the arbitrators, after the appointment of the umpire, would be precisely as if the three had been originally chosen, and a majority was sufficient to form an award.

The award is further objected to because it was *ex parte.* The statement of facts shows that the arbitrators met on the 5th day of December, 1866, and continued in business until the 9th day of February, 1867, when one of the arbitrators withdrew from attendance, and refused to attend any further. How far they had progressed in the business is left only to inference; but it would not be a

violent presumption that during this time all the material facts had been obtained, and that the withdrawal was the consequence of disagreement with the other arbitrators. In this view of the case, a withdrawal would be neither more nor less than a simple dissent from the award made by the majority. After the parties had proceeded so far as they had in this case, it would render futile and useless the act concerning arbitration if one of the parties could annul the award that might be made by wilfully refusing to proceed further. A large portion of the judgments rendered in the district court are by default and *ex parte*, yet it would be a strange position to say, that because the judgment was *ex parte*, therefore it was illegal. It is not that the proceedings were *ex parte*, for if notice of the time and place of meeting was given to the third arbitrator and he refused to attend, either through obstinacy or press of business, or at the desire of one of the parties, the other two could proceed in his absence and make their award, which would be binding upon the parties. (Carpenter v. Wood, 1 Met., 409; Crofoot v. Allen, 2 Wend., 494; Caldwell on Arbitration, 204.)

Counsel for appellees have referred to a number of cases showing the necessity of all the arbitrators being present in the transaction of their duties, but as they all have reference to a different state of facts from those in the case at bar, we do not see their applicability. The record shows that the arbitrators met on the 5th December, 1866, and continued in session from day to day until the 31st December, 1866, and then adjourned to the 5th February, 1867, and continued in session till the 9th February, at which time the arbitrator appointed by the defendant withdrew, and the other arbitrators made out the award on the 13th of February, having been in session more than two months. We have examined the matter in controversy, the testimony introduced, and the award, and see no reason why the court should not enter up judgment on the award.

Because, therefore, the court erred in setting aside the same, it is ordered that the judgment be reversed; and, proceeding to render such judgment as the district court should have rendered, it is ordered that judgment be here entered on the award, affirming the same.

ORDERED ACCORDINGLY.