## DODGE v. BRENNAN.

Under an unrestricted common law submission, the parties are presumed to agree that every consideration, both of law and fact, which can affect the decision of the cause, is included in the authority of the arbitrators, and is matter proper for their determination.

Under a submission authorizing an award by a majority, it is no ground for setting aside an award that one of the arbitrators withdrew after the hearing was concluded, and refused to join in the award.

BILL IN EQUITY, to set aside an award. Facts found by a referee. The arbitrators were chosen by the parties under an unrestricted common-law submission in writing. Against the objection of the plaintiff, the examination was conducted without requiring the witnesses to be sworn. The parties commenced the hearing without counsel, and a subsequent request by the plaintiff to be heard by counsel was denied. After the evidence was submitted, and the hearing concluded, and while the arbitrators were in consultation as to the award, one of them, without notice to the parties, withdrew, refusing to act further, and the award was made by the other two. The submission provided that an award of the majority should be final. There was no intentional abuse of authority or discretion by the arbitrators, and it did not appear that injustice had been done.

*Wadleigh & Wallace*, for the plaintiff.

*Stevens & Parker*, for the defendant.

CLARK, J. The manner of the examination of the witnesses and parties, under oath or otherwise, and of conducting the hearing with or without counsel, was a matter so far within the discretion of the arbitrators that the award will not be disturbed unless it appears that injustice has been done. Under an unrestricted, written submission at common law, the arbitrators are judges both of the law and the facts; and if no reservation is made in the submission, the parties are presumed to agree that every considera-

tion, both of law and fact, which can affect the final decision of the cause, is included in the authority of the arbitrators, and is matter proper for their determination. *Truesdale* v. *Straw*, 58 N. H. 207; *Sanborn* v. *Murphy*, 50 N. H. 65; *Pike* v. *Gage*, 29 N. H. 461; *Johnson* v. *Noble*, 13 N. H. 286; *Walker* v. *Sanborn*, 8 Greenl. 288; *The Boston Water Power Co.* v. *Gray*, 6 Met. 131; 2 Story's Eq., *s.* 1454. The submission provided for an award by a majority of the arbitrators; and all having heard the parties and their evidence, the award of the majority is sufficient. *Plummer* v. *Sanders*, 55 N. H. 23; *Carpenter* v. *Wood*, 1 Met. 409; *Maynard* v. *Frederick*, 7 Cush. 247; *Cumberland* v. *North Yarmouth*, 4 Greenl. 459, 468.

*Bill dismissed.*

STANLEY, J., did not sit: the others concurred.