ALEXANDER & BEAUCHAMP v. MULHALL & SCALING.

(Case No. 3447.)

1. ARBITRATION — AGREEMENT. — Under the statute (P. D., 66), neither pleadings nor process are necessary in arbitration cases. A substantial compliance with the statute is all that is required, and an agreement to arbitrate, which describes the parties, the subject-matter, selects arbitrators and provides for the selection of an umpire, is sufficient.

2. SAME — WAIVER. — Filing the agreement with the clerk before the arbitration and his presiding at the trial may be waived.

3. SAME — AWARD. — It is sufficient if the arbitrators were sworn, and the award is signed by one of the arbitrators originally selected, and the umpire.

4. SAME — SETTING ASIDE AWARD FOR FRAUD. — A plea to set aside an award is insufficient if it fails to specifically and distinctly set out the fraud, misconduct or mistake of the arbitrators, complained of.

5. PRACTICE IN SUPREME COURT — PRESUMPTION. — In the absence of a statement of facts the supreme court on appeal will presume that all the necessary proof was made to support the judgment of the court.

ON REHEARING.

6. ARBITRATION — AWARD. — An award which recites:

"MULHALL & SCALING v. BEAUCHAMP & ALEXANDER.

"We, the arbitrators in this cause, find for the plaintiff the sum of $7,300.                                "H. H. CAMPBELL,
                                                                "THOS. F. McENNIS,"

is sufficient.

7. SAME — PARTNERS. — A partner has the power to submit partnership affairs to arbitration, and when he does so his action is binding on the firm.

APPEAL from Ellis. Tried below before the Hon. Nat. M. Burford.

The statement of the case made by the appellant is adopted as sufficiently correct.

On the 24th of January, 1876, Joseph Mulhall and Samuel Scaling, partners under the style of Mulhall & Scaling, parties of the first part, and J. F. Alexander & J. D. Beauchamp, parties of the second part, entered into a written agreement to submit their dealings with each other, from January 1, 1875, to January 1, 1876, to arbitration. No suit had been commenced.

The first agreement is to the effect that the parties of the first and second parts shall each select one arbitrator, and if the two fail to agree the parties shall select a third, and the decision of a majority, or two, shall be binding. In the same instrument the two arbitrators are named — Thomas McEnnis and A. J. Pippin. And they further agree that, in case the two shall fail to agree, H. H. Campbell shall be the third. And they agree to give bond to abide by, satisfy and perform the award; the bond to be subject to approval of Mark Latimer and deposited with him. It is further agreed that "all parties to this instrument shall introduce to the arbitrators such testimony as any of them may deem proper and necessary for the adjustment and determination of the matters in controversy."

On the next day, 15th January, 1876, the parties made a supplemental agreement in writing to the effect that H. H. Campbell, the third arbitrator, should sit with the others from the beginning; that the award of any two of them should be binding, and that the same shall be entered up as a judgment of the court at the next term of the district court of Ellis county; and that, in order to give said court jurisdiction, it shall only be necessary for the person or persons in whose favor the award may be made to file in said court this agreement and the award made in pursuance thereof; that all parties to this agreement waive all process and proceedings commonly necessary to give said court jurisdiction of any matter, and that Cheek, a justice of the peace, should swear the witnesses and arbitrators and take down the testimony.

The arbitrators, McEnnis and Campbell, made their award, which, it is claimed, may be construed to be an award in favor of Mulhall & Scaling, and against Alexander & Beauchamp, for $7,300. John L. Cheek certifies that he swore the arbitrators, and that H. H. Campbell and T. F. McEnnis appeared before him and acknowledged their verdict on the 15th day of February, 1876. The award is only signed by McEnnis and Campbell.

On the 16th of February, 1876, these papers were filed in the office of the clerk of the district court of Ellis county, which was the first time that the matter had been brought into court in any form. The district court commenced on the second Monday (8th day) of May, 1876. On the 9th of May, 1876, the following paper was filed in court:

"MULHALL
      vs.      ⎬ District Court, May Term, 1876.
ALEXANDER ET AL.

"Now at this term of the court comes the plaintiff in the above entitled cause, and moves the court to make the award of the arbitrators the judgment of the court.

"AMZI BRADSHAW,
"Att'y for Plaintiff."

On May 10, 1876, Alexander filed a paper setting up several objections to the award being made a judgment. The first of these objections is, in effect, that he has not been properly brought before the court, and that the court has not acquired jurisdiction of his person nor of the subject-matter; and second, he objects to the want of certainty in the award as to parties; and third, he objects that only two of the three arbitrators appear to have sat in the case.

On the 24th of May, 1876, the motion to make the award the judgment of the court was called, and the objections to the jurisdiction, etc., being overruled, the defendants excepted, and then the defendants, Alexander & Beauchamp, offered to file their answer. The court refused to permit the answer to be filed and treated as an answer, but ordered that the same be permitted to be placed on file, and that the award be made the judgment of the court, notwithstanding

the answer, and without permission to defendants to introduce testimony under it. To these rulings and judgment Alexander & Beauchamp excepted, and gave notice of appeal.

*S. C. McCormick*, *A. A. Kemble* and *Walton*, *Green & Hill*, for appellants.

*Amzi Bradshaw*, *Crawfords & Smith* and *Alex. M. Jackson*, *Jr.*, for appellees.

QUINAN, J.— The errors assigned are:

1. The court erred in overruling the objections of the defendants to the jurisdiction of the court.

2. In refusing to permit the defendant's answer to be heard and treated as an answer, and in refusing to permit him to have a trial on the merits of the case.

3. The court erred in rendering judgment on the award in favor of the plaintiffs for the amount of the award.

4. The judgment should have been for the defendants for costs, etc.

5. The court erred in rendering judgment for plaintiffs without the award being offered in evidence and without proof of the execution of the same.

We will notice these assignments in their order:

1. The objection for the want of jurisdiction seems directed to the want of pleading and process as in ordinary suits. Under our statute neither pleadings nor process were required in arbitration cases. Pas. Dig., 66; McHugh *v.* Peck, 29 Tex., 145. Upon a comparison of the documents signed by the parties, and constituting the agreement to submit their differences to arbitration, it does not seem that any material difference exists between the agreement made and the requirements of the statute. The agreement described the parties, the subject-matter; arbitrators were selected; they, also, as they could do, selected an umpire. It was stipulated that the award of two should be decisive of the controversy. The filing with the clerk antecedent to

the action of the agreement and the fixing of a day for the hearing by the clerk, and his actual presiding upon the trial, was waived. It appears that the three arbitrators were -sworn, the award was signed by one of the original selected arbitrators and the umpire. All the parties appeared before the arbitrators and introduced testimony. The agreement and award were filed in the district court on the day after the award was made, and at the next term a motion was filed to make the award the judgment of the court.

It was perfectly competent for these parties to waive the antecedent filing of the agreement, as they did by expressly providing for its filing with the award, with the further agreement attaching to the proceedings all the qualities of the statutory award. A substantial compliance with the statute is all that is required to make it such. It is not to be held that proceedings intended to be without technical formalities should become quite as or more formal and technical than a suit at law. Hall v. Morris, 30 Tex., 283; King v. Gray, 31 Tex., 27; Forshey v. R. R. Co., 16 Tex., 526, 527; McHugh v. Peck, 29 Tex., 147.

The bill of exceptions shows that the court allowed an answer to be filed, but refused to allow testimony to support it. While our courts allow matters to be pleaded to set aside an award upon the hearing of the motion to enter it as a judgment, they also require that such matters shall be specifically charged, that the fraud, or misconduct or mistake made by the arbitrators, shall be set out distinctly. Payne v. Metz, 14 Tex., 60; Forshey v. R. R. Co., 16 Tex., 526.

Here misconduct is attempted to be charged, but how? In hearing unsworn testimony; but what the testimony was, or whether it was material, we are not informed. Again, that the arbitrators allowed documents to be submitted to them after the case had been closed. What documents? Were they material? How did they or were they calculated to affect the result? We think the court did right in disregarding this answer. It laid no different basis for the introduction of testimony. If further pleadings were refused, we

are not informed what specific acts of misconduct on the part of the arbitrators were proposed to be shown, or that further pleadings were offered in due time.

The third and fourth assignments question the propriety of the judgment as entered upon the award and do not require further discussion. The award was certain. No other judgment could have been rendered.

The last assignment insists that the judgment should be reversed because the record does not show that the award was offered in evidence or proven. It is sufficient answer to this to say that, there being no statement of facts, we presume that all the necessary proof was made to support the judgment of the court.

We are of opinion there is no error in the judgment and that it ought to be affirmed, and so award.

AFFIRMED.

[Opinion delivered May 30, 1881.]

### UPON REHEARING.

In this case the appellants have made a motion for rehearing upon substantially the same grounds discussed in their briefs on the original hearing, and which we have already considered, furnishing us with no additional authorities upon the subject, and we may add with no additional arguments. In deference to the zeal with which they urge upon us their views of the law of the case, we have carefully reconsidered our judgment, and are all the better satisfied with its correctness. The vice of the argument of the counsel is illustrated by this excerpt from his brief: "The summary mode of settling disputes without petition and process provided by the statute is in derogation of the common law, and should receive a strict construction." And again: "The statute on the subject of arbitration in departing from the common law, and dispensing with petition and process, provides that certain things shall be done in the presence of, and by a sworn, bonded and trusted officer of the court, the clerk, and it would be a dangerous doctrine, and entirely

beyond the purview and intent of the statute, to say that these things may be waived."

Now the reverse of all this is the rule. In Green *v.* Franklin, 1 Tex., 501, Mr. Justice Lipscomb says: "The awards of arbitrators have always been looked upon with peculiar favor, as *it is a conciliatory mode of adjusting* disputes by persons specially chosen for that purpose. If the proceedings before them have the appearance of fairness to both parties, mere technical objections will receive no countenance from the court." And again: "We will never presume anything against an award; so far from it, we are bound to support it by every presumption in its favor not contradicted by proof."

So in Owens *v.* Withee, 3 Tex., 164, the same judge says, . . "if the provisions of the act (speaking of the act to authorize the settlement of disputes by conciliation or arbitration) have been substantially followed, the award should not be defeated for mere matter of defect of form. The object of the statute claims for it a liberal construction."

So in Offeciers *v.* Dirks, 2 Tex., 470, it is said, "the very objects intended to be effected by the act invoke a liberal construction of its provisions."

That the parties to an arbitration may waive the observance of any forms in the proceedings, or notice, or service, that some of its requirements are merely directory, we think is very obvious from this view of the law, and from the authorities cited in the opinion. It is unnecessary to repeat what we there said.

But in the present case the appellants, after the expiration of the time allowed by law for filing an application for rehearing, have filed an amended motion, setting up other grounds why the judgment in this case should be reversed; grounds of objection, one at least of which was not raised in the court below, not assigned for error, and not even alluded to in the elaborate briefs of the counsel.

They merit but a very brief notice.

The first point made is that the award is not certain; that the agreement does not state who are plaintiffs and who are

defendants.    The award of the arbitrators is in these words:

"MULHALL & SCALING v. BEAUCHAMP & ALEXANDER.

"We, the arbitrators in this cause, find for the plaintiffs the sum of $7,300.                    "H. H. CAMPBELL.

                                    "THOS. F. McENNIS."

To say that from this award it cannot be determined who are plaintiffs and who are defendants, and in whose favor the award was made, with absolute certainty, is simply frivolous.

The second point is, that the agreement to arbitrate, not being signed by both partners of the firm of Mulhall & Scaling, the award is therefore null and void.

We think this objection, even if it were sound, made now for the first time upon an amended motion for rehearing, after the expiration of the fifteen days, and not assigned for error, comes too late.

But it is not sound.

The agreement to arbitrate purports to be the agreement of Mulhall & Scaling, and to be signed for them by Joseph Mulhall.

Objection to his want of authority to execute the agreement ought to have been made before proceeding in the arbitration.    It appears, from the transcript, that all the parties participated in the arbitration.

It is a general rule that each partner may bind the firm by any act that comes within the scope of the business of the firm.

Mr. Parsons says, in his work on partnership, as quoted by appellants, that to this general rule "a seeming exception exists in relation to arbitration;" but he shows very clearly that, though this has been generally held, the reasons for it as given are not sound.    And the only reason which he seemed to consider of any weight is that until a recent period the courts have been unwilling to sanction an agreement by which parties are compelled to renounce the well constituted tribunals which are open to all the public, for one which the parties construct themselves, and which is

open to very many possibilities of error. And he concludes what he has to say upon this head with the admission that in some of the states the power of the partner to submit partnership affairs to arbitration is recognized as matter of law, and he adds: "We have some doubt whether any of our courts might not now be expected to sustain such a submission if it were in itself unobjectionable."

It will be seen from the citations we have made from our reports, that this reasoning elsewhere urged against the validity of a submission to arbitratition has no acceptance here. The courts have no jealousy of the arbitrators chosen by the parties. It is a mode of settlement of disputes provided by law, and favored by the courts. And there can be no good reason offered why a member of a partnership who has authority to bind the partnership in the purchase and sale of goods, in the settlement and collection of debts, in the execution of all simple contracts in relation to the partnership business, should be denied the power to settle matters of disputed account by reference to arbitrators.

We refer to Parsons on Partnership, page 192 and the notes; Story on Partnership, sec. 115, notes; Southard v. Starr & Steel, 3 Monroe, 447; Skillings v. Cooledge, 14 Mass., 14; Wilcox & Gamble v. Singletary, Wright (O.), 420; Taylor v. Coryelle, 12 Pa., 242; Hallack v. March, 25 Ill., 48. These cases all sustain the validity of a submission to arbitration by one partner for the firm.

We determine that the motion for rehearing must be overruled.

REHEARING REFUSED.

Opinion delivered June 21, 1881.

NOTE.— An argument upon the motion for rehearing in this case, in addition to the briefs filed by Messrs. McCormick and by Walton, Green & Hill, has also been filed by other counsel for appellants, but as the counsel admits "he has not seen the opinion in the case, and may misapprehend the points upon which the case turns," we may perhaps be excused from giving it consideration.                                Q.