J. M. ELDER v. H. H. McLANE.

(Case No. 4269.)

1. PLEADING — REFEREE.— A charge that a referee refused to 'hear evidence offered by one of the parties, without stating the materiality of the evidence, and what it was, is bad on exception. A report made by a referee stands upon the same footing as the verdict of a jury.

2. PLEADING.— Where a recovery of land is based on the report of a referee, to whom the parties had agreed to submit the question of the true location of a line, with a stipulation that the referee should examine that line, an answer charging that the referee did not examine the line is good on demurrer; nor is the fact material that the report of the referee shows that he made the examination as required.

3. OBJECTIONS.— An objection to the report of a referee that the referee could only act in the event another first chosen declined to act, and that his report or award could not be received until it was shown that the one first selected declined to act, comes too late when made for the first time on appeal.

APPEAL from Wilson. Tried below before the Hon. Everett Lewis.

The appellee (plaintiff below) in his petition stated that he owned a tract of one thousand two hundred and eighty acres of land in Karnes county, fronting on the southwest side of the San Antonio river — its lower line commencing at a corner on the river and running S. 45 W., some five thousand varas. Just below him the defendant owned a league of land, also fronting on the river, and that the line above described was the common boundary between them. A dispute arose between them as to the precise locality of this line,— the defendant insisting that it was plainly marked on the trees bordering the river for some distance from its banks; but the plaintiff claiming that this line was not the true line, but had been marked long after the original survey was made.

To settle this dispute amicably, they, on the 19th day of June, 1876, entered into a written agreement to the effect that Joseph A. Tivey (a surveyor known to them both) should make an examination of this marked line, and if he found it to be the true line he should so report; but if he did not find it to be the true line, then he should survey, mark out and establish the line between the two surveys, should make his report, and that the report, together with the written agreement, should be filed and recorded, and should be taken and accepted by both as the dividing line. But if Tivey could not act, then they named John W. Kinney, who should act in his place.

The petition stated that Tivey, being unable to act in the matter, Kinney undertook the duty, and finding upon examination that the lnie claimed by the defendant was not the original but a more recent line, proceeded to survey, run and mark out the northwest line of the league, "by beginning at the upper front corner and running a line parallel with the lower or·southeast line of said league, S. 45 W. to the back line." . . . That his report with the written contract had been recorded, etc. (The contract was made an exhibit.) He charged that the defendant had, nevertheless,

taken possession of the land above the line so marked out and established, cut trees, etc., to plaintiff's damage, etc.

December 1, 1880, the defendant filed his amended answer, in which he set out the northwest boundary line of the league, alleged that the line was well marked in the original survey, and was still visible on the trees which were marked when the survey was made. Among his objections to the report of Kinney were, that Kinney did not make an actual survey of the league; that he did not run the southeast line; did not establish the southwest corner; that in running across the league from south to north he did not actually survey and measure the distance, but ascertained it by guess and estimation of the two thousand six hundred and fifty varas, whereas the real distance was over two thousand seven hundred varas; that he did not examine the marked line claimed by the defendant to be the true northwest line; nor did he make any effort to find said line, but refused to receive from defendant any evidence as to its locality; that the survey made by Kinney was made in the interest of plaintiff and to the prejudice of defendant, etc.

Prayer that the report be set aside, that the line be established by decree of the court, and for general relief.

Plaintiff filed general and special exceptions to this answer. Plaintiff filed a replication in which he controverted the allegations of the answer.

Plaintiff's exceptions to the amended answer were sustained, and judgment was rendered establishing the line reported by the surveyor.

*Stayton, Lackey & Kleberg,* for appellant.

*Howard* and *Harrison,* for appellee.

DELANY, J. COM. APP.— The first assignment of error is that the court erred in sustaining the plaintiff's exceptions to the original answer. Upon this we can only say that as the answer is not in the record we must presume that the court acted properly.

The second is that the court erred in sustaining the exceptions to the amended answer. Our opinion is that this assignment must be sustained. It is true that most of the allegations are vague and indefinite, and are very objectionable on that account. For instance, there is an allegation that the referee refused to hear evidence as to the locality of the northwest line claimed by the defendant. This looks like an imputation of unfairness to the referee; yet in our opinion the allegation was wholly insufficient. In the first place,

the report of a referee upon the facts stands upon the same footing as the verdict of a jury. McHugh *v.* Peck, 29 Tex., 142. In the second place, averments in pleading will be taken most strongly against the pleader. Suppose, then, that the referee did reject the proffered evidence. As the pleader does not tell what the evidence was, or show that it was material, we must conclude that it was immaterial and that the referee did right in disregarding it.

But there was one allegation, at least, which was specific and which went to the very vitals of the controversy. That was the averment that the referee did not examine the line claimed by the defendant as his northwest line, in order to ascertain whether it was the true line. By the terms of the agreement between the parties, it was the first duty of the referee to make a careful examination of that line, and if he found it to be the line originally surveyed as the northwest line he was to establish it as such, and the controversy would be at an end. It may be answered that the report of the referee shows that he did examine this line. That does not mend the matter. Here was an allegation, under oath, that the report was false, and that the referee did not examine the line. The exceptions admit it to be true, and thus admit that he failed to perform the first duty, and one among the most important duties committed to him.

The third assignment is that the court erred in admitting in evidence the report or award of the referee Kinney, as shown by defendant's bill of exceptions. Appellant does not insist on this assignment in his brief, but he raises the same point in his fifth assignment which is taken to the order overruling the motion for a new trial.

The point is this: By the agreement of the parties Tivey was to establish the line, and there was no agreement for Kinney to act unless Tivey declined or was unable to perform the work. Now appellant insists that Kinney's report should not have been received without first showing that Tivey had declined or was unable to perform the duty. This would have been a valid objection if made at the trial, but it comes too late when made for the first time upon appeal.

Our opinion is that the judgment should be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion approved November 27, 1883.]

Associate Justice STAYTON did not sit in this case.