## VACUUM OIL CO. v. LIBERTY REFINING CO. et al. (No. 1365.)*

(Court of Civil Appeals of Texas. El Paso. Jan. 11, 1923. Rehearing Denied Feb. 8, 1923.)

**1. Appeal and error ⟷123—Order held not judgment.**

An order of a court that "it is therefore ordered, adjudged, and decreed by the court that said final report of the master in chancery be and the same is hereby in all things sustained and approved," *held* not a judgment and not appealable.

**2. Reference ⟷99(1)—Report of referee equivalent to verdict of jury.**

The report of a master in chancery or referee is equivalent to a verdict of a jury in being the basis for a judgment, and it is not evidence of an adjudication until judgment is rendered thereon.

**3. Judgment ⟷22—Ruling not disposing of case not a judgment.**

To constitute a judgment there must be an express adjudication to that effect, and it must declare the consequences to the parties, and a ruling of the court not making a final disposition of the case is not a judgment.

Appeal from District Court, Eastland County; Geo. L. Davenport, Judge.

Action by the Vacuum Oil Company against the Liberty Refining Company, in which the Keystone Pipe & Supply Company, Cisco Banking Company, and others intervened. From an order adopting the report of a master in chancery in favor of the Cisco Banking Company, the other intervener appeals. Appeal dismissed.

Butts & Wright, of Cisco, and Theodore Mack, of Fort Worth, for appellant.

Patterson & Sherry, of Cisco, for appellees.

HARPER, C. J. This suit was instituted by the Vacuum Oil Company against the Lib-

⟷For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error granted March 28, 1923.

erty Refining Company to recover damages for breach of contract.

Plaintiff charged that defendant was insolvent, that its property was heavily incumbered by deeds of trust and other liens, and asked that a receiver be appointed, which was done, as also a master in chancery.

Numerous creditors intervened, among them the parties to this appeal, the Keystone Pipe & Supply Company, appellant, and the Cisco Banking Company, appellee.

The master in chancery was authorized by the order of the court appointing him "to pass upon the validity of all claims presented against the Liberty Refining Company and the validity of all liens against its property," and in his report to the court to "separate those claims secured by a valid lien and those not so secured." The master in chancery filed his report as above indicated and further undertook to determine the priority of the liens so found, and declared that the appellee's claim for $52,486.98 was a prior lien to that of appellant for $1,469.19.

[1] The trial court, upon this report being presented to him, entered the following order:

"And the court being fully advised in the premises, and it appearing to the court that there were objections raised to said final report, the court after hearing the argument of counsel on the objections urged to said report, and being fully advised in the premises is of the opinion that said report should in all things be sustained and approved.

"It is therefore ordered, adjudged, and decreed by the court that said final report of the master in chancery be and the same is hereby in all things sustained and approved."

The appellant and others excepted to this order as if it were a final judgment and gave notice of appeal. The matter is before this court upon writ of error.

There is no other order or decree to be found in the transcript save the one above quoted. This does not constitute a judgment, for it lacks all the essential elements.

[2] The report of master in chancery or referee is simply equivalent to a verdict of a jury and the basis for a judgment, but is not evidence of an adjudication until it has been accepted and judgment rendered thereon. Francis McHugh v. Barton Peck, 29 Tex. 141; Elder v. McLane, 60 Tex. 383; Int. & G. N. Ry. Co. v. Concrete Inv. Co. (Tex. Civ. App.) 201 S. W. 718.

[3] It is settled that in order to constitute a judgment there must be an express adjudication to that effect. It is not sufficient that the court make a ruling which should finally lead to a final disposition of it, but the consequence of the ruling to the parties must also be declared. The order appealed from does not meet these requirements.

The appeal is therefore dismissed.