### PIER *vs.* FINCH and others.

Where a conductor upon a rail road, and his assistants, are sued for assault
    and battery in forcibly ejecting a passenger from the cars, they cannot be
    permitted to prove, in their defense, the existence of certain regulations of
    the rail road company, at the time; that such regulations were reasonable;
    and that the acts of the defendants, which constituted the assault and
    battery complained of, were done in conformity with such regulations;
    unless that defense has been set up in the answer.

APPEAL from a judgment entered at the circuit, upon a
verdict for the plaintiff. It is the same case reported in
24 *Barb.* 514. Upon another trial at the Steuben circuit, in
January, 1858, the plaintiff recovered a verdict for $150, upon
which judgment was entered. The defendants appealed from
that judgment.

*S. Mathews,* for the appellants.

*G. B. Bradley,* for the respondent.

*By the Court,* WELLES, J. The only question in this case
worthy of consideration, arises upon the offer of the defend-
ants to give certain evidence, and the decision of the circuit
judge thereon, excepting what was disposed of in the plain-
tiff's favor when this case was before us on a former occasion,
on a motion to set aside the nonsuit, as above stated.

The offer of evidence, the overruling of which is now the
principal subject of complaint, was to show certain regulations
of the New York and Erie Rail Road Company; that such
regulations were reasonable, and that the acts of the defend-
ants, which constituted the assault and battery complained
of, were done in conformity with such regulations; it having
appeared that the defendant Finch was, at the time the trans-
action took place, a conductor of the train from which the
plaintiff was ejected, and the other defendants were hands on
the train, acting under the directions of Finch. The case

shows that the plaintiff's counsel objected to the offer on nine several specific grounds, the second of which was that the evidence was not admissible under the pleadings.

The matter embraced in the offer, if true, and if admissible at all, could only be received as a defense to the action. If the regulations of the rail road company were of any materiality in the case, it was to show that the defendants were justified in removing the plaintiff from the train, provided they acted in conformity with the regulations, and thus to entitle them to a verdict in their favor.

This, most clearly, could not be allowed unless the same had been set up in the answer, which it is not contended was done. (*McKyring* v. *Bull*, 16 *N. Y. R.* 297.)

The judgment should therefore be affirmed.

[MONROE GENERAL TERM, March 7, 1859. *Welles, Smith* and *Johnson,* Justices.]