ANDREW J. SAWYER, PLAINTIFF IN ERROR, v. LEANDER BROWN, DEFENDANT IN ERROR.

**Appeal to District Court.** Where on appeal to the district court the defendant answers the cause of action set forth in the plaintiff's petition without objection that it is not the same as was tried in the court from which the appeal is taken, he will be deemed to have waived all objections upon that ground.

ERROR to the district court for Lancaster county. Tried below before POUND, J.

*A. J. Sawyer, pro se (Foxworthy & Son with him).*

*S. T. Cochran* and *J. L. Caldwell,* for defendant in error.

MAXWELL, J.

The defendant in error brought an action against the plaintiff, before a justice of the peace, to recover a specified sum "for work and labor" done by him for the plaintiff at his request. On the trial of the cause judgment was rendered against the plaintiff herein, and in favor of the defendant. The plaintiff then appealed to the district court, where the defendant in error also recovered judgment.

In the district court the defendant stated his cause of action as arising upon a verbal contract to plow for the plaintiff herein at the rate of $2 per acre, and that in pursuance of said contract he plowed a specified number of acres, for which the plaintiff is still indebted to him. To this petition the plaintiff filed an answer admitting the contract and the price agreed upon, but alleging that the contract was to plow a certain piece of land—the contract being entire—and that the defendant has failed to complete said contract. There is also an allegation that the defendant agreed to "do a first-class job," but has failed to do so.

The first objection made in the plaintiff's brief is, that the "same issues" were not made in the plaintiff's petition in the district court as before the justice. This objection was not made in the district court, either by motion before the answer was filed or by answer, although objections were made on the trial of the cause. Considerable space is taken up in the plaintiff's brief with definitions of the words "teamster" and "plowman" as distinguished from "laborer," to show that the cause of action in the district court was not the same as before the justice. Whatever distinction may exist between the phrase "work and labor" and the words "plowman" and "teamster," this court will presume, in the absence of proof to the contrary, that the cause of action tried in the district court is substantially the same as was tried before the justice; and will not resort to nice distinctions in the meaning of words and phrases to defeat a cause of action to which the defendant joined issue without objection. The question should have been raised in the pleadings in the district court, and as it was not it cannot be considered here.

In *O'Leary v. Iskey*, 12 Neb., 136, the answer of the defendant in the county court was, that he had paid the notes sued on in full. On appeal he pleaded payment and a set-off for more than the face of the notes. The case was tried in the district court upon these issues, without

objection, and the judgment was sustained, although the set-off would have been stricken out of the answer if a motion to that effect had been made at the proper time. See also *Goodrich v. Omaha*, 11 Neb., 206. *R. V. Ry. Co. v. McPherson*, 12 Id., 481. The first objection therefore is untenable.

*Second.* Objections are made to the instructions given and refused. It would subserve no good purpose to review them at length, as the questions raised have been twice, at least, adjudicated in this court (*McMillan v. Malloy*, 10 Neb., 231; *Parcell v. McComber*, 11 Id., 210), and we adhere to those decisions. There is no error in the record, and the judgment is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.