J. W. BISHOP V. W. P. STEVENS ET AL.

[FILED MAY 6, 1891.]

1. **Appeal:** COUNTY TO DISTRICT COURT: ISSUES. When an appeal is taken from the county court to the district court the case is to be tried in the appellate court upon the issues that were presented in the court from which the appeal was taken.

2. **Pleading**: GENERAL DENIAL: NEW MATTER NOT ADMISSI-
BLE. All new matter constituting an entire or partial defense
to a cause of action must be concisely and distinctly set up in
the answer and is not admissible under a general denial.

ERROR to the district court for Douglas county. Tried
below before DOANE, J.

*Scott & Scott*, for plaintiff in error:

Under a general denial, any evidence which tends to
disprove a fact necessary to recovery, under the cause of
action set forth, should be received. (*Broadwater v. Ja-
coby*, 19 Neb., 79; *Howard v. Hayward*, 82 Mass., 356;
*Schermerhorn v. Van Allen*, 18 Barb. [N. Y.], 31; *Wheeler
v. Billings*, 38 N. Y., 264; *Miller v. Ins. Co.*, 1 Abb. N.
C. [N. Y.], 476; *Boomer v. Koon*, 6 Hun [N. Y.], 645;
*Schwarz v. Oppold*, 74 N. Y., 307; *Gilbert v. Cram*, 12
How. Pr. [N. Y.], 455; *Goddard v. Fulton*, 21 Cal., 436).
The court erred in striking the amended answer from the
files, and in refusing to allow plaintiff in error to file it on
the trial. (*Johnson v. Jones*, 2 Neb., 137; *Mills v. Miller*,
3 Id., 95; *Burley v. Millard*, 11 Id., 289; *Struthers v.
McDowell*, 5 Id., 493; *State v. Russell*, 17 Id., 204; *Morse
v. Traynor*, 26 Id., 594; *O'Dea v. Washington Co.*, 3 Id.,
122; *Wilson v. Macklin,* 7 Id., 53; *McKeighan v. Hopkins*,
19 Id., 36; *Klosterman v. Olcott,* 25 Id., 390; Maxwell,
Pl. & Pr., secs. 174, 175; Boone, Code Pl., sec. 525; *Ir-
win v. Bank*, 6 O. St., 86; *Mitchell v. Goff*, 18 Ia., 424;
*U. P. R. Co. v. Ogilvy*, 18 Neb., 640; *Deck v. Smith*, 12 Id.,
392; *Dressler v. Davis*, 12 Wis., 65; *Hayden v. Hayden*, 46
Cal., 332; *Newberg v. Farmer*, 1 Wash. Ter., 182; Bliss,
Code Pl., secs. 429–30; *Reeder v. Sayre*, 70 N. Y., 190;
*Brown v. Bosworth*, 62 Wis., 542; *McLane v. Paschal*, 62
Tex., 102; *St. Louis Type Foundry v. Medes*, 60 Ia., 525;
*Sells v. Haggard*, 21 Neb., 360; *Carmichael v. Dolen*, 25
Id., 338; *Bowman v. DePeyster*, 2 Daly [N. Y.], 203;
*Bickett v. Garner*, 21 O. St., 659; *Douglass v. Easter*, 32

Kan., 496; *Bird, etc., Co. v. Jones*, 27 Id., 177; *Webb v. Paxton*, 36 Minn., 532; *Sch. Dist. 36 v. McIntie*, 14 Neb., 47; *Howland v. Couch*, 43 Conn., 47; *King v. Lacey*, 8 Id., 499; *Bulkley v. Andrews*, 39 Id., 523; *Saunders v. Denison*, 20 Id., 527; *Osborne v. Lloyd*, 1 Root [Conn.], 301; *Nash v. Adams*, 24 Conn., 38; *Peck v. Bacon*, 18 Id., 377; *Bingham v. Stewart*, 14 Minn., 214; *Warren v. Scott*, 32 Ia., 26; *Nettman v. Schramm*, 23 Id., 525; *State v. Preston*, 34 Wis., 688; *Map Co. v. Jones*, 27 Kan., 180; *Sch. Dist. v. Dudley*, 28 Id., 160; *Assig v. Pearsons*, 9 Col., 587.)

*Bradley & De Lamatre, contra:*

The general denial alone having been filed below, this proffered answer, containing new matter of defense, could not legally be filed for the first time in the appellate court. (*U. P. R. Co. v. Ogilvy*, 18 Neb., 640; *Aulanier v. Governor*, 1 Tex., 653; *Hough v. Leonard*, 12 Ill., 456; *Hatch v. Allen*, 27 Me., 85; *Fuller v. Schroeder*, 20 Neb., 636; *O'Leary v. Iskey*, 12 Id., 137; *Baier v. Humpall*, 16 Id., 128.)

PER CURIAM.

This action was brought in the county court of Douglas county by the defendants in error against the plaintiff in error to recover for services alleged to have been rendered to the plaintiff in error as real estate agents in effecting sales of a large amount of real estate, descriptions of which are set out in the petition.

The answer of the defendant was a general denial.

On the trial of the cause in the county court judgment was rendered in favor of the defendants in error. The plaintiff in error then appealed to the district court, where substantially the same petition and the same answer were filed as in the county court. Afterwards the attorneys for

the plaintiff in error filed an amended answer, in which, after denying certain matters stated in the petition, they admitted the service rendered by the defendants in error but alleged that they were to take their pay in wild land at a certain price per acre.    This answer was stricken from the files because it did not set up the same defense as was presented in the county court.    The new matter set up in the answer of the plaintiff in error is substantially as follows:

"Defendant denies that he is indebted to the plaintiff, in the sums set forth in their petition, or in any sum or sums whatever, but alleges that when the various lands in plaintiffs' petition described for trade as aforesaid it was agreed by the defendant that plaintiffs, for their services in trading said lands, should have by assignment of contract so much of the lands of defendant remaining untraded as should at their trade valuation equal in value five per cent of the first thousand and two and one-half per cent of the remainder of the trade valuation of the land so traded, the said plaintiffs to select said amount of land from such as might remain untraded as aforesaid.

"Defendant has always been ready and willing, and now is ready and willing, to transfer as aforesaid to plaintiffs the amount of land to which said plaintiffs are entitled for the lands by them traded at any time when same shall be selected by the said plaintiffs."

In *O'Leary v. Iskey*, 12 Neb., 136, it was held that when an appeal was taken from the county court to the district court the case was to be tried in the appellate court upon the issues that were presented in the court from which the appeal was taken, with the exception that matter arising after the trial, such as payment, compromise, release, etc., may be pleaded as a defense to the action.    It is said (p. 137): "A set-off arising before the commencement of the action, to be available in the appellate court, must have been presented to the court below for its adjudication.

The reason is, an appeal, when a bond is given as in this case, has the effect to vacate the judgment of the court below, and presents the same issue to the appellate court for its determination as was presented in the court below. If new issues can be raised in the appellate court it is not a trial of the same cause, not in fact an appeal. An appeal brings up the case presented in the court below for a new trial, and the issues cannot be changed in the appellate court except by consent, or in the manner above suggested. Cases are to be tried on their merits; then if either party is dissatisfied with the judgmen the may appeal."

This case was approved in *Sawyer v. Brown*, 17 Neb., 171, and *U. P. Ry. v. Ogilvy*, 18 Id., 638; *Fuller v. Schroeder*, 20 Id., 636, and *Sells v. Haggard*, 21 Id., 360, and other cases.

This is a reasonable rule. The design is to encourage trials of cases upon the merits. If a party can withhold his defense in the inferior court, allow judgment to be rendered against him, and make his defense for the first time in the appellate court, the latter courts will be burdened with business, while great injustice will be done to litigants who had brought their actions before the inferior tribunals. A trial in a county court or before a justice of the peace probably will result in a correct judgment being rendered; and that this is true in an eminent degree, is shown by the comparatively small number of appeals taken from such judgments. In any event a party must present his defense and if the judgment is not satisfactory to him he may appeal the case submitted to the inferior tribunal to the district court, where he will be confined to the same issues as were presented in the inferior court.

Second—It is contended with great earnestness that evidence in support of the answer is admissible under a general denial.

The question here presented was before this court in the case of *A. & N. R. R. Co. v. Washburn*, 5 Neb., 117, and

it was held that all new matter constituting an entire or
partial defense to a cause of action, must be concisely and
distinctly set up in the answer and is not admissible under
a general denial.    The opinion in that case was written
by Judge GANTT, who says (page 125):

"In *McKyring v. Bull*, 16 N. Y., 308, this question is
very elaborately and ably discussed, and it is held that 'the
word defense, as used in the Code, must include partial as
well. as complete defenses,' and that the law should 'be
construed so as to require the defendants, in all cases, to
plead any new matter constituting either an entire or par-
tial defense, and prohibit them from giving such matter in
evidence upon an assessment of damages when not set up
in the answer.'  In *Piercy v. Sabin*, 10 Cal., 27, after stating
that all new matter of defense must be pleaded, the court
says that 'this feature of the Code is one of the most bene-
ficial and obvious improvements upon the former system.
This classification of defenses is ·simple, logical, and just.
Each party is distinctly apprised of all the allegations to
be proven by the other, and each is therefore prepared to
meet the proofs of his adversary.'  (*Pier v. Finch*, 29
Barb., 170; *Walton v. Minturn*, 1 Cal., 362.)"

This case is cited with approval in *Allen v. Saunders Co.*,
6 Neb., 436; *B. & M. R. R. Co. v. Lancaster Co.*, 7 Id., 33;
*Jones v. Seward Co.*, 10 Id., 154, and other cases, and is a
reasonable rule that the court should not depart from.

The language of the Code is plain and unambiguous,
and there is no occasion for a mistake as to its meaning.
If a party can hold back his defense, in effect keep it se-
cret until the trial and then ·spring it suddenly upon the
adverse party, who, for want of notice, is not prepared to
meet it, he will thereby obtain undue advantages, which in
many cases would amount practically to robbery, by giv-
ing him a verdict or judgment to which he was not en-
titled.    This the Code will not authorize or sanction.    The
court therefore properly excluded the testimony offered by

the plaintiff in error.   There is no error in the record
and the judgment is

AFFIRMED.

THE other judges concur.