JOHN PRALL V. CHARLES PETERS ET AL.

[FILED SEPTEMBER 16, 1891.]

1. **Pleading**: GENERAL DENIAL. Under the Code a general denial goes only to every fact stated in the petition which the plaintiff is under the necessity of proving in order to sustain his cause of action.

2. ——: NEW MATTER of any kind which constitutes a partial or entire defense to a cause of action must be pleaded in the answer to be available as a defense.

ERROR to the district court for Valley county. Tried below before TIFFANY, J.

*Darnall & Babcock*, and *Moon & Bragg*, for plaintiff in error.

*A. M. Robbins, contra.*

MAXWELL, J.

This action was brought by the defendants in error against the plaintiff in error to recover damages for false representations in the sale of a stallion. The answer is a general denial.

On the trial of the cause the jury returned a verdict in favor of the defendants in error for the sum of $301. A motion for a new trial was thereupon filed and overruled, and judgment entered on the verdict.

The attorneys for the plaintiff in error claim a reversal of the judgment upon three grounds, viz.:

First—That the petition and evidence show that the defendants in error have only given their notes for the horse and have not paid the same, and hence have suffered no damage.

Second—That the defendants in error had full knowl-

edge of the condition of the horse when they purchased the same.

Third—That Charles Peters Jr., was a minor and was permitted to maintain the action in his own name.

None of these questions can be considered. A general denial under the Code simply puts in issue the truth of the facts alleged in the petition.

If the defendant relies upon any matter beside a denial he must plead the same. This is necessary in order that plaintiff may be apprised of the defense and be prepared to meet it. A defendant cannot be permitted to conceal an affirmative defense under a general denial. The due administration of justice requires the courts to adhere strictly to the requirements of the Code, that all affirmative matters of defense shall be pleaded, and unless so pleaded will not be considered. The provisions of the Code are not merely directory. They are imperative and do not leave it optional with the defendant to plead new matter or not. If he would avail himself of new matter as evidence he must plead the same in his answer. (*A. & N. R. Co. v. Washburn*, 5 Neb., 124.) In the case cited GANTT, J., says (p. 125): "Under the statute there is no general issue, according to the meaning as applied to it by the rulings under the departure referred to above, it is simply a general denial of all the material allegations stated in the petition, which the plaintiff would be required to prove to make out his cause of action. In *McKyring v. Bull*, 16 N. Y., 308, this question is very elaborately and ably discussed, and it is held that 'the word defense, as used in the Code, must include partial as well as complete defenses,' and that the law should 'be construed so as to require the defendants, in all cases, to plead any new matter constituting either an entire or partial defense, and prohibit them from giving such matter in evidence upon an assessment of damages when not set up in the answer.' In *Piercy v. Sabin*, 10 Cal., 27, after stating that all new matter of

defense must be pleaded, the court say that 'this feature of the Code is one of the most beneficial and obvious improvements upon the former system.   This classification of defenses is simple, logical, and just.   Each party is distinctly apprised of all the allegations to be proven by the other, and each is therefore prepared to meet the proofs of his adversary.' (*Pier v. Finch*, 29 Barb., 170 ; *Walton v. Minturn*, 1 Cal., 362.)"   The petition does show that the plaintiff in error made false representations in regard to the horse, and that the defendants in error relied upon the same, and the proof fully sustains the petition, and that the damages are not excessive.

There is no error in the record, and the judgment is

AFFIRMED.

THE other judges concur.