JAMES L. CALLEN V. JOHN W. ROSE.

FILED MARCH 18, 1896.   No. 6160.

1. **Chattel Mortgages:** FORECLOSURE: CONVERSION OF CHATTELS BY MORTGAGEE. A mortgagee of chattels in the foreclosure of his mortgage must comply substantially with the requirements of the statute, where they have not been waived by the mortgagor, and if the mortgagee fails to do so in an essential matter, he is liable to the mortgagor for the value of the property, less the mortgage lien thereon.

2. ———: ———: ———: DAMAGES. Evidence examined, and *held* that the damages assessed in this case are not excessive.

3. **Pleading and Proof.** Testimony must be confined to the issues tendered by the pleadings.

4. **Compromise:** EVIDENCE. Unaccepted propositions of compromise are inadmissible in evidence.

5. **Instructions:** RECORD: REVIEW. Where there are no instructions in the record brought to this court, none will be reviewed.

ERROR from the district court of Sherman county. Tried below before HOLCOMB, J.

*J. R. Scott*, for plaintiff in error.

*Nightingale Bros.* and *Aaron Wall, contra.*

NORVAL, J.

John W. Rose recovered a judgment in the sum of $194 against James L. Callen for the conversion of certain chattels, which the defendant took from him under a chattel mortgage.   Callen is a resident of Mills county, Iowa, and owns a farm in Sherman county, this state.   Rose, during the transactions hereafter stated, occupied said farm as Callen's tenant.   On October 24, 1889, Rose being indebted to Callen, gave him a chattel mortgage upon two horses, a mare, sixty head of hogs, two cows, three calves, and some farming implements to secure the payment of a claim of $412.40, due November 1, 1890.   Subsequently Rose butchered one of the cows, and disposed of part of the hogs, but the remainder of the property continued in his possession until in September, 1890, when, before the maturity of the mortgage debt, Callen seized the chattels under the mortgage, and disposed of most of them at private sale without advertisement, and without the mortgagor's consent, so he testified.   The remainder of the property Callen converted to his own use.   Rose sued for the value of the property, and Callen has brought error upon the judgment rendered against him.

It is the settled law of this state that the mortgagee of chattels in the foreclosure of his mortgage must comply substantially with the requirements of the statute, unless waived by the mortgagor, and that if he fails so to do in an essential

matter the mortgagor is entitled to have the value of the property applied upon the mortgage debt, and if such value exceeds such debt, the mortgagor may recover the difference from the mortgagee. (*Loeb v. Milner,* 21 Neb., 392; *Coad v. Home Cattle Co.,* 32 Neb., 762; *Rockford Watch Co. v. Manifold,* 36 Neb., 801; *Buffalo County Nat. Bank v. Sharpe,* 40 Neb., 128.) The soundness of this rule is not now assailed, but it is claimed that the damages assessed by the jury are excessive; in other words, that the jury rendered a verdict for more than the excess of the value of the property above the amount due on the mortgage. Plaintiff below, in his testimony, gave a description of each piece of property, and testified to the market value thereof at the time it was taken, the aggregate estimate, according to his testimony, being over $740. Jean Whitman, a witness for the plaintiff, who was acquainted with the chattels and their worth, in his testimony placed the value about $90 less. The total amount of the mortgage lien, when the property was taken by the defendant, was $450. A verdict for $194 based upon the testimony of these witnesses was not excessive. It is true the witnesses for the defendant fixed the market value of the property considerably lower than that given by the other side, but it was for the jury alone to pass upon the credibility of the witnesses. Their finding being supported by sufficient testimony, cannot be molested by us.

The court excluded testimony offered by the defendant to show that one of the articles seized, a mower, had been previously mortgaged to another party by the plaintiff, and that the lien created thereby had not been paid. It claimed that this ruling of the court was erroneous; that

the defendant was entitled to have the amount of such mortgage deducted from the value of the mower. A sufficient answer to this contention is that no such issue was tendered by the pleadings. The defendant should have set up that fact in his answer; not having done so, he could not avail himself of it upon the trial.

Complaint is made of the exclusion of the testimony of one J. P. Braden relating to a conversation between defendant and plaintiff. It is disclosed that Braden went with Callen to see Rose in regard to the property, before it was taken, for the purpose of effecting a settlement with the latter. Propositions of compromise were made from one to the other, which were not accepted, and it was the conversation which on that occasion took place between them relating to the proposed settlement that defendant sought to prove. It was clearly inadmissible in evidence, and was properly excluded. (*Kierstead v. Brown*, 23 Neb., 595; *Eldridge v. Hargreaves*, 30 Neb., 638.)

It is finally insisted that errors were committed in the giving and refusing of the instructions. No particular instruction is pointed out in the brief as being bad, nor are we informed of the number of defendant's request to charge which it is claimed was wrongly refused. Besides no complaint is made either in the motion for a new trial or petition in error of any instruction. Furthermore, not a single instruction is to be found in the record before us, hence none will be reviewed.

This disposes of the questions discussed, and the judgment must be

AFFIRMED.