JOSEPH WILLIAMS ET AL., APPELLANTS, V. JOSEPH MILES ET AL., APPELLEES.

FILED SEPTEMBER 18, 1901. No. 11,630.

1. **Settlement of Bill of Exceptions by Clerk Under Double Stipulation of Counsel, Construed as Compliance With Statute.** Where a proposed bill of exceptions is submitted to opposing attorneys for examination and suggestions of amendments, who, after examination, return the bill indorsed thereon, "we consent this bill of exceptions be allowed and signed," and afterwards enter into a stipulation that the clerk of the district court may settle and allow the bill of exceptions in the case, in which stipulation it is agreed that no amendments will be suggested by the parties seeking to have the proposed bill allowed, *held,* that the two stipulations, when construed together, are equivalent to an agreement that the bill of exceptions proposed was true and correct, and that the clerk was authorized to sign and allow the same under the provisions of section 311 of the Code of Civil Procedure.

2. **Remedial Statute Liberally Construed.** The statute relating to bills of exceptions being remedial in its nature will be liberally construed. *Morehead v. Adams,* 18 Nebr., 569.

APPEAL from the district court for Richardson county. Heard below before THOMPSON, J. Heard on motion to quash bill of exceptions. *Motion overruled.*

*Reavis & Reavis, J. H. Broady* and *John L. Webster,* for appellants.

*Francis Martin, Edwin Falloon* and *Clarence Gillespie,* contra.

*Edwin Falloon:* The statute by which the clerk is allowed to settle and sign a bill of exceptions must be strictly construed. *Scott v. Overall,* 50 Nebr., 144.

The court is referred to the following cases where stipulations have been held insufficient: *School District v. Cooper,* 44 Nebr., 714; *Martin v. Fillmore,* 44 Nebr., 719.

HOLCOMB, J.

This action is brought to this court by appeal from the district court of Richardson county.

A motion is presented to quash the bill of exceptions filed in the case which was settled and allowed by the clerk of the trial court for three reasons: (1) "The clerk of the district court had no authority to settle and sign said bill as appellees had not agreed that said bill is correct"; (2) "that said bill is not settled and signed by the trial judge"; (3) "that while there is a stipulation now attached to said bill permitting the clerk to sign and allow it, said stipulation was not so attached when signed by attorneys for appellees, nor does said stipulation show that the parties to this action had agreed upon said bill."

It is argued on behalf of counsel presenting the motion that the stipulation is insufficient to authorize the clerk to sign and allow the bill because it does not appear that the parties to the action had stipulated that the bill of exceptions allowed by the clerk was agreed upon as correct; that while there was a stipulation that the clerk might settle and allow the bill, the parties interested had not agreed upon the bill allowed and therefore the clerk was

without authority to act, and that the motion to quash should be sustained under the rule announced in *Scott v. Spencer*, 42 Nebr., 632, wherein it is held: "To confer authority upon the clerk of a district court to sign and allow a bill of exceptions it must appear that * * * the parties to the litigation, or their counsel, must agree upon the bill of exceptions and attach thereto their written stipulation to that effect"; and that: "The mere stipulation of counsel in a case that the clerk of the court may sign and allow a bill of exceptions is not sufficient to confer authority upon him to do so."

Section 311 of the Code of Civil Procedure, relating to the allowance of bills of exceptions, among other things provides: "In cases where the parties interested shall agree upon the bill of exceptions (and shall have attached a written stipulation to that effect to the bill), it shall be the duty of the clerk to settle and sign the bill in the same manner as the judge is by this act required to do; and shall thereupon be filed with the papers in the case, and have the same force and effect as though signed by the court." From the record before us it is disclosed that on August 18, 1900, the attorneys for the appellees received the proposed bill of exceptions for examination and suggestions of amendments and the following indorsement appears on the proposed bill signed by the attorneys for the appellees as of date August 28: "We consent this bill of exceptions be allowed and signed." In the bill of exceptions is also the following stipulation by counsel for the respective parties in interest: "It is agreed by the parties hereto, that the clerk of the district court, be and he is hereby authorized to settle and sign the bill of exceptions, as Judge John R. Thompson who tried the case is absent from the first judicial district, and that such settlement and signing by the clerk be done by the 11th day of September 1900. It is agreed that no amendments will be suggested on the part of all plaintiffs represented by I. J. Ringolsky, Jno. L. Webster, and Reavis & Reavis." It was upon this authority that the clerk acted. If from the

stipulations quoted it can be said that the parties have agreed upon the bill and that the clerk should sign and allow it, then the requirements of the statute with reference to his authority to sign and allow the bill have been met and the case does not come within the rule invoked.

In *Morehead v. Adams*, 18 Nebr., 569, it is held: "The statute relating to bills of exceptions being remedial in its nature will be liberally construed." The appellees, who are the movers in the attempt to quash the bill of exceptions, have expressly stipulated on the bill itself that they consent to it as the bill of exceptions and that it may be allowed and signed. In addition to this was the stipulation for the clerk to sign and allow the bill, with the agreement of the attorneys for the appellants that no amendments will be suggested on their part.

Construing the stipulations together, as should be done, as they are only different steps taken in the one action for the purpose of securing the allowance of the bill, it occurs to us that the only logical inference warranted therefrom is that the bill is agreed upon by both parties in writing as being correct and that the clerk might sign and allow it as such under the authority referred to. One party consenting to the bill and its allowance, and the other that no amendment would be suggested, was certainly a meeting of the minds on the proposition that the bill was correct and agreed to, and it remained only to have it allowed and signed either by the trial judge or, by the agreement of the parties, as was done, by the clerk. The case is brought within the rule stated in *Behrends v. Beyschlag*, 50 Nebr., 304, wherein it is held that a stipulation in these words: "It is hereby agreed that the clerk of the district court sign this bill of exceptions, instead of the judge who presided at the trial of this case," is sufficient to authorize the party therein designated to sign and settle the bill of exceptions; that the words "this bill of exceptions" in such stipulation were equivalent to an agreement that the document to which the stipulation was attached was a true bill of exceptions.

For the reasons stated, the motion should be overruled, which is accordingly done.

MOTION OVERRULED.

SULLIVAN, J., absent, not voting.