Argued March 23, decided April 12, 1910.

## PECK v. VOGET.

[108 Pac. 120.]

CONTRACTS—BUILDING CONTRACTS—ACTION FOR BREACH—ADMISSIBILITY OF EVIDENCE.

In an action for breach of a contract to build a house of a certain quality, where plaintiff alleged that the house was so negligently built as to be almost worthless, and defendant, answering, admitted the contract and payment of the price, but denied any default in the work, and did not raise the question that the title to the lot on which the house was built was in plaintiff's wife, evidence that plaintiff, though apparently acting in his own name, was really the agent of an undisclosed principal, was properly excluded.

From Marion: GEORGE H. BURNETT, Judge.

Statement by Mr. JUSTICE McBRIDE.

This is an action by S. E. Peck against Julius G. Voget, to recover damages for the nonperformance of a contract to build a dwelling house for plaintiff, according to certain plans and specifications.

The complaint alleges that defendant entered into a written contract with plaintiff to build a dwelling house on lot 16, block 2, in the city of Salem, according to certain plans and specifications, which are made a part of the complaint, from which it appears that defendant was to build for plaintiff a house of certain dimensions and quality and was to be paid therefor the sum of $700. Plaintiff alleges that he has paid defendant the $700 stipulated, but that defendant has so negligently built the house that it is almost useless and worthless, and claims damages in the sum of $400. Defendant answered admitting the contract and payment of the price, but denying any negligence or default in the work or any damages to plaintiff. On the trial defendant offered proof tending to show that the title to the lot on which the house was built was in plaintiff's wife; but the court sustained an objection to such testimony, and, the jury having found for plaintiff in the sum of $350, defendant appeals.                          AFFIRMED.

For appellant there was a brief, with oral arguments by *Mr. George G. Bingham* and *Mr. Carey F. Martin.*

For respondent there was a brief, with oral arguments by *Mr. John A. Carson* and *Mr. Thomas Brown.*

Mr. JUSTICE McBRIDE delivered the opinion of the court.

The objection to the evidence offered by defendant was properly sustained. The contract for breach of which the action was brought is set forth fully as an exhibit to the complaint, and shows an absolute agreement to build a house for plaintiff. If defendant wished to insist upon

the proposition that plaintiff, though apparently acting in his own name, was really the agent of an undisclosed principal, he should have raised that question by suitable denials in the answer, so that plaintiff would be put upon notice and prepared to defend: *Goetz* v. *Ambs*, 27 Mo. 28; *Prall* v. *Peters*, 32 Neb. 832 (49 N. W. 767).

The contract showed an absolute written agreement by defendant to build plaintiff a house. Plaintiff contracted and paid for a house to be worth $700, and got one worth $350. Now, whether he built for himself or another, he was entitled to have built just what he contracted for. One contracting with another for the erection of a building ought not to be required to litigate his title to the land on which it is erected in an action for damages for nonperformance of the contract, and especially where no issue of that nature is tendered by the answer.

The judgment is affirmed.        AFFIRMED.

---

Decided April 12, 1910.