LOCK W. STURGEON, APPELLEE, V. EDWARD R. WILSON, APPELLANT.

FILED NOVEMBER 17, 1921. No. 21794.

Courts: APPEAL: ISSUES. When an appeal is taken from municipal court to district court, the case is to be tried in appellate court upon the issues that were presented in the court from which the appeal is taken.

APPEAL from the district court for Douglas county: ALEXANDER C. TROUP, JUDGE. *Affirmed.*

*John O. Yeiser,* for appellant.

*John M. Berger, contra.*

Heard before MORRISSEY, C.J., ROSE, ALDRICH and FLANSBURG, JJ., BUTTON and COLBY, District Judges.

ALDRICH, J.

This was an action at law tried originally in the municipal court of the city of Omaha, in which Lock W. Sturgeon was plaintiff, and is appellee here, and Edward R. Wilson was defendant, and is appellant here. The case was set for trial by agreement. On August 15, 1919, plaintiff failed to appear for trial. A trial was had on the pleadings and the evidence, and the court found that the plaintiff was indebted to the defendant in the sum of $37.50, and also costs upon defendant's counterclaim, and plaintiff's claim was dismissed. On August 22, 1919,

plaintiff filed an appeal bond fixed by the court in the sum of $90. This bond was accepted and approved by the court. This ended the case in the municipal court. On September 15, 1919, the plaintiff filed in the district court for Douglas county the transcript and all original papers. On the 4th day of October, 1919, plaintiff filed in district court his petition setting forth the original allegations and claims. The defendant failed to file an answer, and on the 30th day of April, 1920, plaintiff recovered a judgment of $250. From this decision defendant appealed to this court.

Under the issues here we deduce the following proposition as found in *O'Leary v. Iskey*, 12 Neb. 136: "When an appeal is taken from the county court to the district court, the case is to be tried in the appellate court upon the issues that were presented in the court from which the appeal is taken." We find this principle enunciated in the following cases: *In re Estate of Normand*, 88 Neb. 767; *Fuller & Johnson v. Schroeder*, 20 Neb. 631; *Mallory v. Estate of Fitzgerald*, 69 Neb. 312; *Jenkins v. State*, 60 Neb. 205. In the last case it is held: "When an appeal is docketed in the district court the judgment appealed from is vacated and annulled, and the litigants are, with respect to their legal rights, where they were at the commencement of the suit." This principle is also sustained in *Huffman v. Ellis*, 52 Neb. 688. This principle has been distinctly stated in *Levi v. Fred*, 38 Neb. 564, and *Bishop v. Stevens*, 31 Neb. 786. This doctrine is upheld in section 8455, Rev. St. 1913, which is as follows: "The plaintiff in the court below shall be the plaintiff in the district court; and the parties shall proceed, in all respects, in the same manner as though the action had been originally instituted in such court." This rule has the salutary effect of having the case tried upon its merits. Defendant failed to avail himself of the opportunity to try his case, hence this appeal is

AFFIRMED.