GEORGE S. BAXTER, APPELLEE, V. THE MACCABEES, APPELLANT.

FILED DECEMBER 1, 1932. No. 28278.

Rexford C. Rankin and Ellery H. Westerfield, for appellant.

William Niklaus and John E. Mockett, contra.

Heard before ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

EBERLY, J.

This is an appeal in a law action from the order of the district court directing a verdict for the plaintiff and judgment entered thereon. As now submitted, the appeal presents two questions: (1) The correctness of the order of the trial court permitting an amendment to the petition; and (2) whether the court's instruction to return a verdict for plaintiff was justified by the evidence.

The record before us discloses that this action was originally instituted in the municipal court of Lancaster county, Nebraska. We may briefly summarize the petition filed in that court as follows: It set forth the issuance and delivery by defendant to plaintiff of a policy of insurance, number 878-186; that later in March, 1930, the defendant made an oral contract with plaintiff to pay him $475.50 upon the surrender and delivery of this policy to it. The surrender and delivery of the policy

was thereupon made as required by the terms of the oral agreement; and that defendant has wrongfully neglected and refused to pay plaintiff the amount thus due him.

Trial was had in the municipal court upon this pleading and resulted in a verdict and judgment for plaintiff as prayed.

The defendant perfected its appeal to the district court for Lancaster county by filing the statutory transcript therein on the 21st day of August, 1931. Thereafter, according to the transcript duly authenticated by the clerk of the district court for Lancaster county, the plaintiff below filed his petition in the district court on August 24, 1931. This petition thus filed in the district court, according to this transcript, contained additional allegations which we may epitomize as follows: That on May 16, 1930, the plaintiff was then owner and holder of the policy of insurance referred to in his petition, which contained the following clause: "And agrees to pay at the option of the member, one-half of the amount specified to be paid at his death upon the surrender and cancelation of this certificate in the event of permanent total disability after one full year of continuous membership under this certificate before the member attains the age of sixty-five." Plaintiff was entitled to exercise this option, and did make application as required by this provision, and delivered and surrendered the policy issued to him. The defendant accepted the policy and application which were thereafter retained by it, and plaintiff thereby became entitled to receive from defendant $475.50, which defendant thereafter neglected and refused to pay to him.

While the fact of the amendment of plaintiff's petition nowhere appears in the transcript, however the bill of exceptions discloses that the allegations last referred to were incorporated in the petition, pursuant to the oral order of the district court permitting the amendment to be made during the trial of the case; and the correctness of this ruling is the first matter for our consideration.

Appellant insists that this amendment, so made, tendered a different issue, and in fact pleaded a cause of action not covered or embraced in the petition filed in the municipal court on which this case was there tried.

The following authorities are presented for our consideration as sustaining this construction: *O'Leary v. Iskey,* 12 Neb. 136; *Bishop v. Stevens,* 31 Neb. 786; *Lee v. Walker,* 35 Neb. 689; *Darner v. Daggett,* 35 Neb. 695; *Spurgin v. Thompson,* 37 Neb. 39; *Western Cornice & Mfg. Works v. Meyer,* 55 Neb. 440. These cases, it may be said, evidence the fact that it is the settled law of this state that, when an appeal is taken from a justice of the peace, or from the county court, to the district court, the cause is to be tried in the latter court upon the same issues that were presented in the court from which the appeal was taken, with the exception of new matter arising after the trial.

The instant case, however, is not an appeal or a proceeding in error from either of the courts named in appellant's authorities. It is from the municipal court, and, as such, the provisions of the municipal court act relating to appeals are necessarily controlling. We may also accept, as a general principle, that the allowance of amendments on appeal is a proper subject of statutory legislation. 1 Stand. Ency. of Procedure, 887.

The rule supported by the authorities cited by the appellant was evolved by this court unguided by statute. However, the act of 1929 (Laws 1929, ch. 82) entitled "An act relating to courts and to municipal courts in cities of the metropolitan class and in cities of the first class having a population of more than forty thousand," etc., is an act complete within itself, and covers, in part at least, matters of practice and procedure in the new tribunal it creates. The following of its provisions would appear to relate to the present controversy before us:

"The pleadings may be amended by leave of court at any time before trial, or during the trial, *or upon appeal,* to supply any deficiency or omission in the allegations,

when, by such amendments, substantial justice will be promoted," etc. Comp. St. 1929, sec. 22-408. (Italics ours.)

"The plaintiff in the court below shall be the plaintiff in the district court; and the parties shall proceed, in all respects, in the same manner as though the action had been originally instituted in such court." Comp. St. 1929, sec. 22-1105.

"In all cases of appeal from the municipal court, the plaintiff in this court shall, within fifty days from and after the date of the rendition of the judgment, file his petition as required in civil cases in the district court and the answer shall be filed and issue joined, as in cases commenced in such appellate court." Comp. St. 1929, sec. 22-1106.

"All provisions of the Code of Civil Procedure and all other provisions of the statutes of the state of Nebraska, not in conflict with the provision of this act and relating to matters for which no specific provision has been made herein shall govern and apply to actions in the municipal court." Comp. St. 1929, sec. 22-1618.

It is to be observed that the provisions quoted are parts of the same act of the legislature, are remedial in their nature, and, as such, are to be construed together and accorded a liberal construction. *State v. Fremont, E. & M. V. R. Co.,* 22 Neb. 313; *Becker & Degen v. Brown,* 65 Neb. 264; *Williams v. Miles,* 62 Neb. 566; *Morehead v. Adams,* 18 Neb. 569.

In the determination of a somewhat similar question, the supreme court of North Dakota employed the following language: "The appellant contends that the district court erred in permitting the defendant to file a supplemental answer, for the reason that the issues were thereby changed, which he claims is not permissible after an appeal. Section 8509, Revised Codes 1905, provides that: 'The action shall be tried anew in the district court in the same manner as actions originally commenced therein.' This section has been construed by this court as not a bar to an amendment of the pleading after the appeal, if

the amendment does not pertain to a subject-matter that would not be within the jurisdiction of the justice court. *Vidger v. Nolin,* 10 N. Dak. 353." *Erickson v. Elliott,* ·17 N. Dak. 389.

It cannot be gainsaid that the provisions of the Nebraska act already quoted herein contemplate that, in appeals from municipal courts, the action shall be tried in the district court in the same manner as actions originally commenced therein. Nevertheless, the question presented by the record before us is more limited than that determined by the North Dakota case. Our acceptance of their doctrine is necessarily limited by the extent of the question we are now to determine. Our Nebraska statutes contemplate a trial *de novo* in this class of appeals in the district court. At such trial in that tribunal, in view of the statutory provisions quoted, the conclusion is inescapable that the trial court is fully empowered, for the purpose of supplying deficiencies and omissions in the pleadings before it, to permit amendments, when substantial justice is promoted thereby, to the same extent and "in the same manner as though the action had been originally instituted in such court." This is a legislative modification, limited to appeals from municipal court, of the rule as to the necessity of the identity of issues on appeal set forth in appellant's authorities heretofore referred to; and it may further be said that the effect of this legislative declaration is to continue in full force and effect, as applicable to appeals from municipal court, the practice as to amendments which now prevails in the district court in cases originally commenced therein, including the provisions of section 20-852, Comp. St. 1929. On this basis, we find no reason to set aside the action of the district court in permitting the amendment of which appellant now complains.

We have carefully considered appellant's challenge to the sufficiency of the evidence. Under the admitted facts, and which appear from undisputed evidence, at the close of the transaction which constitutes the basis of appel-

lee's cause of action, plaintiff was entitled to receive from the appellant the sum of $475.50. This he has not received, and neither is payment pleaded by the defendant. Lawful interest on the amount, together with attorney's fee taxed as provided by statute, make up the balance of the judgment as directed by the trial court. It follows that the action of the district court is correct, and is approved. It is further ordered that an attorney's fee of $100 be taxed for appellee in this court, and the judgment of the district court be, and is hereby,

AFFIRMED.