JAMES D. SHORT, APPELLEE, V. FLOYD L. BOLLEN, APPEL-LANT.

FILED APRIL 10, 1936. No. 29638.

*Floyd L. Bollen, J. F. Miller* and *J. C. McReynolds*, for appellant.

*Herman Ginsburg* and *Joseph Ginsburg, contra.*

Heard before Goss, C. J., Rose, Eberly, Day, Paine and Carter, JJ.

Paine, J.

This was an action to recover damages to plaintiff's automobile, occasioned when the defendant backed his automobile out of his private driveway and collided with plaintiff's car. Plaintiff secured a judgment of $39.66 in the municipal court, and upon appeal to the district court a jury returned a verdict for plaintiff in the sum of $150.

The defendant and appellant testified for himself, and he called no other witness. In brief, his testimony is to the effect that on the morning of September 11, 1934, he was backing his car from his private driveway from the south into A street in the city of Lincoln. In backing from the driveway, the view on A street is obscured by a large house on each side of the driveway, and until the driver reaches a point in line with the north line of porches of the two houses. While in the process of backing between the two houses, plaintiff's mother and sister entered plaintiff's car, unobserved by defendant. Defendant backed his car slowly, using the mirror until he reached the point of vision of A street. At this point he brought his car to a full stop and looked for cars approaching from east and west. No cars were approaching, but he did see plaintiff's car parked at the curb. He was unable to observe any occupants in plaintiff's car. He then backed his car slowly down decline, using brakes and looking for approaching cars. From his position he was unable to see plaintiff's car while backing down decline. When he reached the sidewalk, he released the brakes and collided with plaintiff's car near curb line. Both cars were damaged. Neither party saw the other; neither party sounded any alarm.

The sister of the plaintiff testified that she resided with plaintiff, and that the driveway is the joint driveway of the plaintiff and defendant, and leads between their houses to a common garage; that their Chevrolet coupé was parked at the curb, about 15 feet west of the driveway; that the witness and her mother entered their parked car and started it up, when defendant's car crashed into them. She testified that immediately after the accident defendant directed her to take their car to any garage she desired and he would have it fixed.

Plaintiff testified that his 1933 Chevrolet had been driven about 10,000 miles, and was in good condition prior to the accident; that it took two weeks' time to repair it, during which time he had to ride street-cars to work, and could not take his father to work daily, for which his father paid him $10 a month. He gave the value of his car before the accident as $550, and as only $450 after the crash. The plaintiff further testified that he had received in the mails a check from the defendant in the sum of $24.41, to which was attached plaintiff's repair bills and a bill that had been rendered the defendant for work done on his automobile. This check was not cashed, as plaintiff refused to accept it in payment of the damage to his car.

Fourteen errors are relied upon by defendant for a reversal. We will only consider those argued in the defendant's brief, as assignments of error not discussed by appellant in his brief are deemed waived. *Lewis v. Rapid Transit Lines,* 126 Neb. 158, 252 N. W. 804.

The first error argued by defendant is the overruling of defendant's motion to strike out of plaintiff's petition in the district court new matters set out there for the first time. In the municipal court the plaintiff asked for $50 damages, and on appeal demanded $175. Plaintiff insists that the amount demanded in the lower court cannot be increased in the district court except as to new matters arising after trial in the lower court, and cites *Deck v. Smith,* 12 Neb. 389, 11 N. W. 852; and in the case of *O'Leary v. Iskey,* 12 Neb. 136, 10 N. W. 576, it was said that, if new issues can

be raised in the appellate court, it is not a trial of the same cause, not, in fact, an appeal; but in *Citizens State Bank v. Pence*, 59 Neb. 579, 81 N. W. 623, it was said that, even if the facts had been pleaded with more particularity, nevertheless the identity of the cause of action was fully preserved.

"On appeal, the amount of damages claimed on the same causes of action may be increased, if not beyond the jurisdiction of the lower court," is said in the case of *Plano Mfg. Co. v. Nordstrom*, 63 Neb. 123, 88 N. W. 164. This view appears to be founded upon a statement by Judge Maxwell in *Union P. Ry. v. Ogilvy*, 18 Neb. 638, 26 N. W. 464, to the effect: "That the petition could not be amended to claim more than $1,000, * * * being the limit of the civil jurisdiction of the county court." To the same effect is *Sloan Commission Co. v. Fry & Co.*, 4 Neb. (Unof.) 647. Section 22-408, Comp. St. 1929, specifically provides for amendments before trial, during trial, or upon appeal, to supply any deficiency when substantial justice will be promoted.

In appeal from the same municipal court as in the case at bar, it was held in *Baxter v. The Maccabees*, 124 Neb. 160, 245 N. W. 415, that in all cases of appeal from the municipal court to the district court, such court is empowered by statute to permit amendments to the same extent as though the action had been originally instituted in that court. In explanation of this seeming change in the holdings of this court, Judge Eberly says: "The instant case, however, is not an appeal or a proceeding in error from either of the courts named in appellant's authorities. It is from the municipal court, and, as such, the provisions of the municipal court act relating to appeals are necessarily controlling."

Therefore, in appeals from the justice court or the county court, except for new matter arising after trial in the court below, a case must be tried in district court on appeal upon the same issues as in the court below, and the amount originally demanded in the lower court cannot be increased by amendment beyond the jurisdiction of the court from which the appeal is taken, but in appeals from municipal

court the statute allows any amendment as might have been made had the case been originally brought in the district court.

Appellant next insists that an offer to compromise made by a party which is not accepted by the other is not competent evidence, and should be excluded, and cites, in support thereof, *Kierstead v. Brown,* 23 Neb. 595, 37 N. W. 471; *Eldridge v. Hargreaves,* 30 Neb. 638, 46 N. W. 923; *Callen v. Rose,* 47 Neb. 638, 66 N. W. 639.

The court allowed the defendant's check of $24.41, which plaintiff had received in the mails, to be received in evidence. There had been no previous negotiations at all, no letter accompanied the check, nothing implied that the check had been a conditional offer of settlement, no writing appears on the check.

In *Robb v. Hewitt,* 39 Neb. 217, 58 N. W. 88, it was held in a bastardy case that an unsolicited offer to pay one-half of certain expenses was an admission, as distinguished from an offer of compromise.

The check is dated October 2, 1934, and suit was not started until five months later, and no intention of a purpose to bring one had been communicated to the defendant. The ruling of the court in admitting the check in evidence said if it was not an offer of compromise it was entitled to go to the jury for what it was worth. We see no prejudicial error in the admission of the check.

We have examined all of the instructions given the jury and see no reversible error in any of them.

As to the amount of the damages, that question was submitted to the jury under proper instructions, and their verdict will not be set aside. Two courts have entered judgments for the plaintiff, and the amount of the judgment was argued to the trial judge in the motion for a new trial. We find no errors in the record warranting a reversal, and, therefore, the judgment of the trial court is

AFFIRMED.