WILLIAM PACKER ET AL., APPELLANTS, V. SNYDER, MALONE, COFFMAN COMPANY, INC., APPELLEE.

277 N. W. 60

FILED JANUARY 7, 1938. No. 30137.

*Waldron, Newkirk & Mathews,* for appellants.

*S. L. Winters, contra.*

Heard before GOSS, C. J., ROSE, EBERLY, PAINE, CARTER and MESSMORE, JJ., and ELDRED, District Judge.

PAINE, J.

This is a suit brought in the municipal court of Omaha

by William Packer against Snyder, Malone, Coffman Company, Inc., for an alleged conversion of eight head of cattle. Verdict and judgment were set aside by trial judge, and case dismissed on his own motion.

The defendant corporation was a live stock commission firm, doing business at the Union Stockyards in Omaha. The answer was a general denial. A jury was waived, and after trial in the municipal court judgment was rendered in favor of the plaintiff in the sum of $350. Defendant appealed to the district court. The plaintiff filed a petition, and the answer of the defendant was again a general denial. The case proceeded to trial to a jury, and plaintiff testified that he owned the cattle in controversy and was entitled to the possession thereof. Plaintiff's son, Perley Packer, was called as a witness, and testified that the cattle belonged to him and his father as a copartnership. Thereupon, the attorney for the plaintiff asked leave to amend his petition by adding the name of Perley Packer as a plaintiff. It appears that the original petition, as amended by interlineation in the district court, was lost, and the trial judge granted leave to substitute a copy thereof, in which copy appear the words, "William Packer and Perley Packer, Plaintiffs," but in paragraph 1 thereof it is alleged that they were copartners, doing business as a copartnership.

At the close of the evidence the trial court' gave some eight instructions to the jury, which returned a verdict for $350, with interest at 6 per cent. from July 20, 1934, and thereupon a judgment was entered in the sum of $399.58 in favor of the plaintiff. A motion for new trial being filed, the motion was sustained and a new trial ordered, and thereafter the court on its own motion dismissed the action at the costs of plaintiff, it being stated in the order of dismissal that the reasons therefor were given in a letter dated January 15, 1937, and a copy mailed to each of the attorneys, and a copy being attached to the order of dismissal. It is stated in the letter that the court finds it was in error in having permitted amendment of

the petition, changing the plaintiff by adding Perley Packer, and making the plaintiff a copartnership, as in all cases of appeal from a municipal court to the district court the district court may permit amendments, but it also specifically provides that the plaintiff in the court below shall be the plaintiff in the district court; that the plaintiff in the court below was William Packer, an individual, and that since the amendment the plaintiff is a copartnership. In this letter to the attorneys Judge Leslie seems to have some doubt whether there was sufficient proof made of the value of the cattle at Omaha, where the conversion took place. From this order dismissing the action, the plaintiff, a copartnership, has appealed to this court.

Section 22-1105, Comp. St. 1929, provides: "The plaintiff in the court below shall be the plaintiff in the district court; and the parties shall proceed, in all respects, in the same manner as though the action had been originally instituted in such court." The attorney for the appellee also calls our attention to section 21-1305, Comp. St. 1929, which reads the same.

This question was before the court in *Baxter v. The Maccabees*, 124 Neb. 160, 245 N. W. 415, in which this court discussed the matter at considerable length, and held generally that, in appeals from the municipal court, the provisions of the municipal court act relating to such appeals are necessarily controlling, and cites section 22-408, Comp. St. 1929, which reads: "The pleadings may be amended by leave of court at any time before the trial, or during the trial, or upon appeal, to supply any deficiency or omission in the allegations, when, by such amendments, substantial justice will be promoted."

In the case of *Omaha Furniture & Carpet Co. v. Meyer*, 80 Neb. 769, 115 N. W. 310, an action was begun under the name of Omaha Furniture & Carpet Company in replevin in the justice court. Before trial in the justice court, the sole proprietor of this business asked to substitute his individual name for his trade-name, which re-

quest was denied, but on appeal to the district court the substitution was permitted by Judge Redick, and on the second appearance of the case in this court, in an opinion written by Judge Fawcett, a very pertinent comment was made that there is no such thing as a vested right in a technical error or defect in the pleadings or the parties to the action, and the amendment permitted in the district court did not affect the substantial rights of the defendant, and that the change was not a change in the real parties in interest, but by inadvertence or mistake the suit had been commenced in the wrong name.

In *Van Dyk v. Mosterdt,* 171 Ia. 3, 153 N. W. 206, Van Dyk brought action claiming that he was the owner of a half interest in a certain stallion, and had turned the stallion over to a practical horseman to keep, who used said stallion in hauling sand in August, overheated it, and it died, and that the value of his half interest in the horse was $500, for which amount he claimed judgment. During the trial of the case, on the request of the plaintiff's attorneys, the partnership was substituted as plaintiff in the action, and this is alleged as error because the action was originally brought in the name of one of the partners upon a cause of action existing in favor of a partnership claim. The statute of Iowa provides, as does our Nebraska statute, that the court may, in furtherance of justice, permit a party to amend any pleading by adding to or striking out the name of a party, and the Iowa court said the original plaintiff was without capacity to sue upon a partnership claim; that the transaction upon which the action was based remained the same, and was the same cause of action that was sought to be enforced after the substitution of the partnership as plaintiff. See, also, *Myers v. Chicago, B. & Q. R. Co.,* 152 Ia. 330, 131 N. W. 770; *Jensen v. Chicago, M. & St. P. R. Co.,* 198 Ia. 1267, 201 N. W. 34.

In the trial of municipal court cases, it is clearly provided in section 22-1618, Comp. St. 1929: "All provisions of the Code of Civil Procedure and all other provisions of the statutes of the state of Nebraska, not in conflict with

the provision of this act and relating to matters for which no specific provision has been made herein shall govern and apply to actions in the municipal court."

In the case at bar, a father and his son owned the cattle which had been taken from them. The father, in beginning the case against the commission firm, stated that they were his cattle, and he was named as plaintiff. The son went upon the witness-stand and disclosed that he had an interest in the cattle with his father, and it was entirely proper in this case, when one partner had begun an action in his own name, to add, with the permission of the court, the name of the other partner, and this court cannot see any reason why this change was in any way prejudicial to the appellee, as the issues were not changed in any way.

It is right for the court, in every stage of an action, to disregard any error or defect in the pleadings which does not affect the substantial rights of the adverse party. Comp. St. 1929, sec. 20-853.

In the case at bar, the evidence introduced without objection clearly proved the ownership of the cattle, the pleading was rightly amended, and will upon appeal be considered as amended to correspond with the proof. *Allertz v. Hankins,* 102 Neb. 202, 166 N. W. 608; *Berwyn State Bank v. Swanson,* 111 Neb. 141, 196 N. W. 125.

The appellee, in discussing the case of *Baxter v. The Maccabees, supra,* calls our attention to the fact that in that case, as well as in *Short v. Bollen,* 130 Neb. 728, 266 N. W. 635, this court had entirely overlooked its earlier decision in *Sturgeon v. Wilson,* 107 Neb. 109, 185 N. W. 270, which holds directly to the contrary. It appears in Shepard's Nebraska Citations that this last case has never been cited up to this time. The present municipal court act was chapter 82, Laws 1929, and the opinion in *Sturgeon v. Wilson, supra,* was released on November 17, 1921, and hence that decision could have no possible reference to a law enacted eight years later.

Some discussion was had in the argument as to the doubt expressed by the trial judge, in his letter hereinabove re-

ferred to, as to whether sufficient evidence was given of the value of the cattle taken from the plaintiff. It was held in *Richtmyer v. Mutual Live Stock Commission Co.,* 122 Neb. 317, 240 N. W. 315, that evidence of the value of the cattle at the place of the original taking, or at the place of disposal, is relevant, and in this case the bill of exceptions shows that there was evidence given of the value of the cattle at both places. The trial court should have had no doubt on this question.

In a case such as this, where the trial court sought to correct a supposed error, and vacated the verdict and judgment thereon and dismissed the action, this court established a precedent in *Netusil v. Novak,* 120 Neb. 751, 235 N. W. 335, of making a final disposition of the case.

This case having been already tried to a jury in the district court, we have reached the conclusion that there is no other prejudicial error in the case, and therefore the case is remanded to the district court, with directions that the verdict of the jury and the judgment founded thereon in that court be reinstated.

REVERSED.

CARTER, J., dissenting.

I am unable to agree with the majority opinion. The action was one in conversion, the ownership of the cattle being a material issue. The change in parties plaintiff after the appeal was lodged in the district court must of necessity change the issues and require other and different evidence to sustain them. The applicable rule is stated in *Sturgeon v. Wilson,* 107 Neb. 109, 185 N. W. 270, wherein the court said: "When an appeal is taken from municipal court to district court, the case is to be tried in appellate court upon the issues that were presented in the court from which the appeal is taken."

The statute specifically provides that the plaintiff in the court below shall be the plaintiff in the district court and that the parties shall proceed in all respects and in the same manner as though the action had been originally instituted in such court. Comp. St. 1929, sec. 22-1105. The

writer of the majority opinion relies upon section 22-408, Comp. St. 1929, which reads in part: "The pleadings may be amended by leave of court at any time before the trial, or during the trial, or upon appeal, to supply any deficiency or omission in the allegations, when, by such amendments, substantial justice will be promoted." This section, under the ordinary rules of statutory construction, cannot abrogate the provisions of section 22-1105, Comp. St. 1929. This court should give effect to both sections and not assume that the legislature was doing a vain thing when it passed section 22-1105. To me this opinion not only improperly ignores the applicable statute, but it also is contrary to the rule established in this state by a long line of well-reasoned decisions.

ELDRED, District Judge, concurs in the dissent.